CORNELIUS J. CURTIS v. DAVID ABBE AND PHŒBE ABBE.

*Statute of frauds—Promise to execute deed.*

A bill which averred that a wife, after correspondence with her absent husband and by his consent, executed a deed of his land, leaving a blank space for his signature, and received a part of the consideration, and that the purchaser took possession, prayed that the husband might be required to complete the execution of the deed. *Held* that the bill would not lie, even though the husband had promised to execute it when he returned. His promise being oral, was within the statute of frauds and the deed was totally void. The bill was dismissed without prejudice to the purchaser's right to resort to other remedies.

Appeal from Berrien. Submitted October 9. Decided October 29.

BILL TO COMPEL EXECUTION OF DEED. Dismissed. Complainant appeals.

*Franklin Muzzy* for complainant.

*George S. Clapp* for defendant.

MARSTON, J. While it is possible that under the proofs in this case the complainant has equities which a court of chancery would enforce,—or that he has another remedy, upon which, however, we express no opinion,—it is clear that under the case as stated in his bill of complaint he is not entitled to the relief sought.

The case as stated in the bill of complaint is that David Abbe was seized in fee simple of the lands in controversy; that he was absent as a soldier in the army; that his wife Phœbe remained at home and had the charge and supervision of his business. It is farther set forth that complainant, in accordance with the solicitations of Phœbe Abbe, proposed to purchase this land and pay therefor the sum of four hundred dollars, providing David Abbe would consent thereto and convey to complainant; that thereupon Phœbe wrote

her husband setting forth the proposition so made and requesting authority to sell the land, and that in answer thereto she received a letter authorizing her to sell the lands upon the terms stated, and that he, David, would sign a deed conveying the land to complainant if sent him, or if not, that he would do so on his return home; that complainant, relying upon such authority, agreed with Phœbe, as agent for her said husband, to so purchase the land, and agreed with her as to the price and time of payment thereof; that one hundred dollars was paid to said Phœbe and a promissory note executed and delivered to her for three hundred dollars, payable in six months from the date thereof; that a deed of the premises was prepared, signed by defendant Phœbe, acknowledged and delivered to complainant, in which deed a place was left blank for the signature of David Abbe. The bill farther sets forth that Mrs. Abbe informed her husband by letter of what had been done, and that in reply thereto he suggested that the deed be not forwarded him for execution as he would soon return home and would then execute it.  It is farther stated that complainant has since then been in possession of the premises; that soon after David Abbe returned home he was requested, but refused, to execute the deed, and still so refuses, and does not offer to give back the consideration paid.    The bill prays that David Abbe be required to execute and. deliver to complainant a conveyance of the premises, and for general relief.

From this statement it will be seen that no deed or conveyance in writing, purporting to be subscribed by David Abbe, either in person or by an agent, authorized or unauthorized, was at any time executed, delivered to, or received by the complainant.  The only written instrument was the deed of August 5th, 1865, which was not subscribed by David Abbe.  Had Mrs. Abbe, claiming to act as the agent of her husband, subscribed this deed in his name, perhaps the case would be different, but such was not the fact.  A blank space was left so that David Abbe might personally sign and execute the same.

As to David Abbe therefore, the agreement to sell, even admitting all that is set forth, was oral, and no such facts are presented by or set forth in the bill of complaint as to take this out of the operation of the provisions of our statute requiring such agreements to be in writing.

The decree of the court below dismissing the bill of complaint without prejudice, must be affirmed with costs.

The other Justices concurred.