## POWELL v. CHAMPION IRON CO.

SALES—CONTRACT—CONSTRUCTION—TIME OF DELIVERY.

Under a contract to furnish elevator fronts for a building in process of erection, the seller to execute the contract with all diligence and have the fronts ready to be put in when the stairs are being put in, the seller is not required to have the fronts on the ground before the stairs are ready to be put in, the provision requiring diligence being limited by the stipulation as to time.

Error to Wayne; Frazer, J. Submitted April 12, 1906. (Docket No. 67.) Decided July 3, 1906.

Assumpsit by Frank Powell against the Champion Iron Company for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Orla B. Taylor* (*George E. Crane*, of counsel), for appellant.

*Lehmann & Riggs* and *Ben W. Johnson*, for appellee.

CARPENTER, C. J.    On the 8th of September, 1902, the parties to this controversy entered into a written contract of which the following are the material parts:

"Said party of the second part [plaintiff] agrees to furnish and deliver free on board cars, Atlanta, Ga., thirteen stories of elevator fronts (not facia or globes) to take in four elevators for the Century Building located at Atlanta, Ga., all to be made according to plans and specifications of architects Bruce and Morgan of Atlanta, Ga., and subject to the approval of the architects and owner. * * * Said second party further agrees to execute this contract with all diligence and to have all the fronts ready to put in place when the stairs are being put in—they do not furnish the stairs. In consideration of the above work being furnished and delivered at Atlanta in a condition acceptable to the architects and owner, said party of the first part [defendant] agrees to pay," etc.

Plaintiff delivered said elevator fronts and brought this suit to recover the contract price. Defendant sought to recoup damages. The case was tried in the court below before a jury, who rendered a verdict for plaintiff for the full contract price.

Defendant asks us to reverse the judgment entered upon said verdict, upon the ground that the trial court placed a wrong construction upon the following provision of the contract, viz.:

"Said second party further agrees to execute this contract with all diligence and to have all the fronts ready to put in place when the stairs are being put in—they do not furnish the stairs."

The trial court charged the jury:

"The time limit in the contract for the execution of this work was not later than when these stairs were ready to be put in, and, if they got them there in that time, they got them there in sufficient time to comply with the terms of this contract."

Defendant's counsel insist that this construction was erroneous; that, properly construed, the provision in question obligated plaintiff "to deliver the inclosures

when the stairs were ready to be put in at all events, and to deliver them at an earlier date if by the exercise of *all diligence* he could do so." We cannot agree with this contention. We think the trial court properly construed the contract. We agree with plaintiff "that the clause 'to have the fronts ready to put in place when the stairs were being put in' limited and defined the meaning of the expression 'all diligence,' used in connection with it." Thus construed, the contract obligated plaintiff to execute it with the diligence necessary to have all fronts ready to put in place when the stairs are being put in. We think this construction is sustained by *Grand Rapids, etc., R. Co.* v. *Van Deusen*, 29 Mich. 441. The contract in question in that case contained the following provision, viz.:

"Said parties of the second part [the contractors] agree to proceed with such diligence and with such force of laborers as the executive committee of said company may direct, to perform the work herein specified, and to complete the same according to the specifications as furnished by the engineer of said railroad company, and to the full satisfaction and acceptance of said engineer, and the executive committee, on or before the 1st day of August, 1872."

The officers of the railroad company compelled the contractors to reduce their force of employés, and thereby prevented their performing the contract on or before the date specified. The trial court held that this conduct was not justified by the above-quoted provision. This court approved that decision, saying:

"The time for completion seems to be fixed, certain, and imperative, with nothing in the language, and we find nothing in the subject-matter indicating that this time could be prolonged by the company at their option, by the right of direction reserved. One of these provisions must, to avoid repugnancy, be subordinate to the other in its operation; and the order in which they are stated, the form of the language, the subject-matter and situation, and (so far as we can discover) the apparent objects of the company, all indicate that the discretion or right of direc-

tion was intended to be the subordinate or auxiliary provision, inserted for the purpose of securing beyond contingency the completion of the work within the prescribed time; the provision for which was to be primary and absolute."

We think it follows from this reasoning that the provision in the contract in the case at bar that the plaintiff should "execute the contract with all diligence" was subordinate to the provision that he should have "the fronts ready to put in place when the stairs are being put in."

Defendant contends that the construction we place on this contract is precisely the construction that would be placed on it had the expression "execute this contract with all diligence" been omitted, and that it therefore violates the rule which requires effect to be given to every provision in the contract. We answer this contention by saying that the rule which requires effect to be given to every provision of the contract is not inflexible. It must be made to harmonize with the rule which governs the construction of this contract, viz., that parties may by definite and particular language limit and define the meaning of more general language used by them. See *Bock* v. *Perkins*, 139 U. S. 628, and authorities there cited.

As no other error is claimed, the judgment is affirmed.

MCALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.