STATE OF IOWA, Appellee, v. CHARLES CRISWELL, Appellant.

**Criminal law:** RECEPTION OF VERDICT: ABSENCE OF COUNSEL. There is no statutory requirement that counsel for defendant in a criminal case shall be present in court at the time the verdict is returned; but the court may receive the verdict and discharge the jury in the absence of counsel, and no legal right of the defendant is thereby invaded.

**Same:** ARGUMENT OF COUNSEL. Where a witness for a defendant accused of seduction testified that she had been the wife of three successive husbands, one of whom she married twice and from whom she was twice divorced, and another of whom she married while still the lawful wife of a previous husband, there was no impropriety in counsel commenting, within proper limits, on the marital relations and character of the witness.

**Same:** IMPEACHING EVIDENCE. Where it appeared from the evidence of a witness for the accused that he was a neighbor of prosecutrix and her mother and that he had seen strangers frequenting their home prior to the alleged seduction, it was proper to show on cross-examination, as tending to impeach him, that he had signed a writing in which he stated that he knew nothing immoral of either, that they were of good moral character and conducted themselves properly.

**Seduction:** INSTRUCTIONS: EVIDENCE. The fact that prosecutrix testified on cross-examination that her seduction was accomplished solely by a promise of marriage did not preclude the jury from considering her testimony as a whole on that subject, which disclosed protests of love and other acts not inconsistent with a marriage engagement; and instructions permitting the jury to consider other acts than that of a false promise of marriage were justified.

*Appeal from Mills District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, JULY 8, 1910.

PROSECUTION for the claim of seduction. There was a verdict and judgment of guilty. Defendant appeals. *Affirmed.*

*Emmet Tinley, D. E. Whitefield, L. T. Genung,* and *W. E. Mitchell,* for appellant.

*H. W. Byers,* Attorney General, *Chas. W. Lyon,* Assistant Attorney General, *E. Starbuck,* and *W. S. Lewis,* for the State.

EVANS, J.—The crime charged against the defendant was alleged to have been committed about May 20, 1907. The indictment was returned on April 16, 1908. The prosecutrix is one Sarah Norris, who claims that at the time of the alleged offense she and the defendant were engaged to be married. A child was born to her in February, 1908.

I. The jury reported an agreement and returned into court shortly after the opening of the afternoon session of October 8, 1908. The defendant was immediately notified

1. CRIMINAL LAW: reception of verdict: absence of counsel.

to appear, and he did appear and was present in person when the verdict was received and read. His counsel, however, were not present. After the verdict was read in the hearing of the jury, the trial judge put to them the fallowing question: "Gentlemen, so say you all?" To which all the jurors responded affirmatively. The jury was thereupon discharged. Within a few minutes thereafter, attorneys for defendant appeared in the courtroom and expressed a desire for a poll of the jury. This could not be had because of the discharge. The defendant complains because of the action of the trial court in failing to notify

defendant's attorneys and in failing to have them present at the time of the receiving of the verdict. The principal argument of appellant is directed to this question. The argument purports to be based very largely upon the provisions of section 5313 of the Code, which provides that "if the defendant appears for arraignment without counsel, he must, before proceeding therewith, be informed by the court of his right thereto and be asked if he desires counsel, and if he does and is unable to employ any, the court must allow him to select or assign his counsel." The section referred to appears to have no reference whatever to the case under consideration. So far as this record discloses, the defendant had the assistance of four or five attorneys, and had such assistance from the beginning of the prosecution until the end. Having such counsel, no further duty devolved upon the court to instruct him as to his right to counsel. The complaint of the argument is that one of defendant's attorneys was at his office near at hand, and that the other was in the auditor's office in the courthouse, and that the court should have found them and notified them of the return of the verdict before receiving the same. The argument in this respect is without merit. The court was under no duty to ascertain the whereabouts of counsel nor to see that they were at their client's side. As a matter of usual practice, trial judges are considerate and painstaking in the matter of calling counsel under such circumstances. We have no doubt the trial judge would have observed such practice in this case if any request had been made to that effect. If the attorneys did expect anything of that kind, the most ordinary consideration on their own part would have required them to make such request, and to give information to the court as to where they might be found. Indeed, such request and information could have been readily left with the sheriff or with the bailiff. But no request was made of

nor information given to the court or any of its officers. The defendant himself was not in custody but was under bail. He made no effort himself to obtain the presence of his counsel nor did he make any request, or suggestion that they be sent for. No legal right of the defendant was invaded by the receiving of the verdict in the absence of counsel. If the failure to call them had been a discourtesy, it could not furnish a ground of reversal here, but this record does not disclose even a discourtesy, and we think the argument is without merit on this ground.

II. One Mrs. Rammey was a witness on behalf of the defendant. She testified that she had been the wife of three successive husbands, one of whom she married twice and was twice divorced from him, and another of whom she married while she was still the lawful wife of a previous husband. The county attorney commented upon her marital connections and upon her character. The abstracts are in dispute as to just what he said. Whatever it was, it was very indefinite as presented in this record, nor can we say that the attorney exceeded the proper limits of argument under the testimony. The only objection made to the statement at the time was a contradiction thereof by defendant's counsel. No request with reference thereto was made to the court, nor was the subject referred to in any manner later. We are satisfied that the incident furnished no fair ground of complaint.

2. SAME: argument of counsel.

III. One Dunn was called as a witness for the defendant, who gave testimony tending to show previous unchaste character on the part of the prosecuting witness and her mother. It appeared from the testimony of this witness that he lived as a near neighbor of the prosecutrix and her mother, and that he had observed strange men frequenting the home of the prosecutrix for some years prior to the alleged

3. SAME: impeaching evidence

seduction. Upon cross-examination it appeared that the
witness had, about a month previous to the time of the
trial, signed a paper which was a somewhat fulsome cer-
tificate of character of the prosecutrix and her mother.
He certified therein that he knew nothing morally bad of
either of them, and that they were of good moral character
and had always conducted themselves "properly as ladies,"
etc. The witness was confronted with this paper and he
admitted that he signed it and it was put in evidence as
a part of his cross-examination. It is argued here that
this paper did not tend to impeach the testimony of the
witness and that it was therefore inadmissible. It is also
said that the paper contained other signatures than that
of the witness. We think the written statement was wholly
inconsistent with the testimony of the witness. He offered
no explanation of the inconsistency, and the state was
entitled to the evidence for what it was worth. If there
were other signatures, such fact does not appear from the
instrument as it is incorporated in defendant's abstract.

IV. Complaint is made of the instructions of the
court because they permitted the jury to find that the alleged
seduction was accomplished not only by false promise of
marriage, but by "other false and insinuat-
ing artifices and deception." Counsel have
not taken the pains to point out to us
the particular instruction in which the language com-
plained of occurs. We are unable to find this particular
language in any instruction. It is argued however, that
plaintiff testified that the sole cause of her yielding was
the false promise of marriage, and that the consideration
of the jury should have been confined to that alone. The
instructions of the court did permit the jury to consider
other arts than a false promise of marriage in determining
the guilt of the defendant. The instructions in this respect
were clearly justified by the evidence. The fact that the

4. SEDUCTION:
   instructions.
   evidence.

prosecutrix testified on cross-examination that the promise of marriage was the sole cause of her fall would not preclude the jury from giving consideration to her testimony as a whole, which discloses protests of love and other acts not inconsistent with a marriage engagement.

No other alleged errors are assigned. We find no ground for reversal.

The judgment of the trial court must therefore be *affirmed.*