[No. 9,397. Department Two. — September 4, 1884.]

ELLA MORRELL, BY HER GUARDIAN GEORGE BELLAS, RESPONDENT, *v.* M. Q. MORGAN, APPELLANT.

STATUTE OF LIMITATIONS — SEDUCTION OF MINOR — MAJORITY. — The Statute of Limitations does not commence to run against the right of a minor to sue for her seduction until she attains her majority.

DEMURRER — APPOINTMENT OF GUARDIAN. — It was alleged in the complaint that the plaintiff is a minor under the age of eighteen years, and that "George Bellas is her duly appointed and acting guardian." This was demurred to upon the ground that it did not appear from the complaint that the plaintiff had a "legally appointed guardian." *Held*, that the demurrer was not sufficient to raise an issue of law.

EVIDENCE — OBJECTIONS. — The testimony of a party that a certain person is her guardian, when not objected to, is sufficient evidence of the fact of his guardianship.

ID. — AGE OF WITNESS — DECLARATIONS OF MEMBERS OF HER FAMILY. — The testimony of a witness as to her age at a given time is admissible in evidence, although her knowledge is derived solely from statements made to her by members of her family.

ESTOPPEL — PRIOR JUDGMENT. — An infant brought an action for seduction in her own name, but did not aver the fact of her infancy. A demurrer to the complaint was sustained upon the ground that the action was barred by the Statute of Limitations. *Held*, that the judgment in that action was not a bar to an action by the infant, through her guardian, in which the fact of infancy was averred.

APPEAL from a judgment of the Superior Court of the county of Modoc, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. W. Ewing,* for Appellant.

*E. V. Spencer,* for Respondent.

MYRICK, J. — This is an action for damages growing out of the seduction of plaintiff by defendant.

. 1. The defendant demurred on the ground that the alleged seduction is averred to have taken place in May, 1881, and the action not having been brought until March, 1883, it is barred by section 340, subdivision 3, of the Code of Civil Procedure. At the commencement of the action the plaintiff was a minor, under eighteen years of age. The statute above referred to must be read in connection with section 352 of the Code of Civil Procedure; and so reading it, the action was not barred.

2. The second ground of demurrer is: "That plaintiff has not legal capacity to sue, for the reason that plaintiff is a minor and has no legally appointed guardian." The allegation of the complaint as to guardian is that the plaintiff is a minor under eighteen years of age, and "that George Bellas is her duly appointed and acting guardian." It will be observed, that the ground of demurrer is not that the averment as to guardian is not sufficient, but that "she had no legally appointed guardian." The language of the demurrer is not sufficient to raise an issue of law.

3. The defendant urges that there was no evidence showing that George Bellas or any person was the guardian of the plaintiff. The testimony on this point was as follows: "Question. State whether Mr. Bellas is your guardian? Answer. He is."

No objection offered to the testimony. Such being the case, no error appears.

4. The plaintiff being a witness as to her age, was asked if she knew from what her aunt and her relations told her, how old she was when she went to Gee's, answered twelve years, and at the time of trial sixteen years. This was objected to, and the objection overruled. No error is apparent. The evidence was admissible as declarations of members of the family. (1 Greenl. Ev. § 104.)

5. A former action had been brought by plaintiff, not averring infancy. That suit was commenced August 22, 1882, and the seduction was averred to have occurred in May, 1881, more than one year prior thereto. The defendant demurred to the complaint on the ground, among others, that the action was barred. The demurrer was sustained without stating upon what ground,

and judgment thereon rendered. That judgment was no bar to this action.

6. There is no error in the instruction given to the jury, as to the consent of plaintiff being procured by any persuasion or inducement or artful means. We do not see that the jury were at all misled, or that the law was not correctly stated.

7. No error appears in the refusal of the court to give the instruction asked by defendant.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.