[No. 5175.    Decided December 31, 1904.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS
O'HARE, *Appellant.*[1]

SEDUCTION — CONDITIONAL PROMISE OF MARRIAGE SUFFICIENT.
Under Bal. Code, § 7066, prescribing the punishment for any
person who shall "seduce and debauch any unmarried woman
of previous chaste character," seduction under a promise of
marriage is not essential to constitute the crime of seduction,
any seductive promises being sufficient; and, if an engaged
woman finally submits relying upon a conditional promise to
marry immediately in case of trouble, there is sufficient evidence
to go to the jury.

Appeal from a judgment of the superior court for Adams
county, Neal, J., entered February 18, 1904, upon a trial
and conviction of the crime of seduction. Affirmed.

*Zent, Lovell & Linn,* for appellant.

*C. L. Holcomb (O. R. Holcomb,* of counsel), for re-
spondent.

MOUNT, J.—Appellant was convicted of the crime of
seduction. A number of errors are assigned, which are
without merit, and which do not require discussion. The
principal point relied upon is that the evidence was not
sufficient to go to the jury. The prosecuting witness tes-
tified, in substance, that she first met the appellant in
July, 1901; that she was then twenty years of age; that
she and appellant began keeping company with each other
at that time, and continued to do so until the fall of
1902; that the appellant came to her father's house to
see her about twice a week, usually on Wednesday and
Saturday evenings; that about the 1st of March, 1902,
appellant proposed marriage to the witness, and she ac-

[1]Reported in 79 Pac. 39.

cepted the proposal; that the time for the marriage was
set for the spring of 1904; that, soon after the engage-
ment, appellant began making proposals for sexual in-
tercourse; that she refused for a week or two, but finally,
on March 18, 1902, after appellant had taken her on
his lap and fondled her, and assured her that no harm
could come of it, and that if he got her into trouble he
would marry her right away, she yielded to his solici-
tations; that after this time she submitted to his desires
quite often, until she discovered that she was in a family
way, when, on the 18th day of July, 1902, she told ap-
pellant of her condition and requested him to marry her,
which he refused to do. On the 15th day of January,
1903, a child was born to the witness. She also testi-
fied that she never had sexual intercourse with any one
else. On cross-examination she testified in part as fol-
lows:

"Q. And you never did give up, did you? A. Yes, sir,
I did. Q. So you consented, did you? A. Under prom-
ise of marriage I did, yes sir. Q. You consented condi-
tionally then, that he would marry you if he got you into
trouble? A. Only so. Q. If he had not promised to
marry you right away if he got you into trouble, you
would not have consented at the time you did? A. No
sir. Q. If he had not promised to marry you right away
if he got you into trouble, you would not have submitted;
you relied on this conditional promise? A. If he had
not promised to marry me I would not have submitted.
Q. Answer the question. A. Of course, if he had not
promised to marry me right away if he got me into trou-
ble, I would not have submitted to him."

Appellant's contention is that, because the prosecutrix
said she submitted to the appellant only upon the prom-
ise that he would marry her right away if he got her
into trouble, that she would not have submitted but for

that promise, there was no seduction. Several cases are cited sustaining this position, among them *People v. Ryan,* 63 N. Y. App. Div. 429; *State v. Adams,* 25 Or. 172, 35 Pac. 36, 42 Am. St. 790, 22 L. R. A. 840; Am. & Eng. Enc. Law (2d ed.), p. 231. But in the states so holding, especially the ones cited, there can be no criminal seduction under the statutes except under promise of marriage. Our statute contains no such provision. It is as follows:

"If any person seduce and debauch any unmarried woman of previously chaste character, he shall be punished by imprisonment in the penitentiary not more than five years, or by fine not exceeding one thousand dollars and imprisonment in the county jail not exceeding one year. If before judgment upon an indictment the defendant marry the woman thus seduced, it is a bar to any further prosecution for the offense." § 7066, Bal. Code.

This statute does not limit the seduction to those cases only where there is a promise of marriage, as in the cases above cited, but plainly says, "If any person seduce and debauch any unmarried woman of a previously chaste character, he shall be punished." The word "seduce" in this statute is used in its ordinary legal meaning, and implies the use of arts, persuasion, or wiles to overcome the resistance of the female who is not disposed, of her own volition, to step aside from the path of virtue. No doubt the most common method of enticing an unmarried, virtuous woman from rectitude is by promises of marriage, but there are other arts, wiles, and promises which may be made, and which may be acted upon by a virtuous woman. If our statute had intended to limit seduction only to those cases where there was a promise of marriage, it would have said so, as has been done in other states. Not having said so, we must con-

clude that any seductive arts or promises, where the female involuntarily and reluctantly yields thereto, are sufficient. It is true that, in *State v. Cochran,* 10 Wash. 562, 39 Pac. 155, this court, at page 569, said:

"As to bare promises, although the statute says nothing upon the subject, none other than a promise of marriage should be held sufficient."

This statement, we think, was not necessary to a decision of that case and was therefore dictum. If, however, it was not dictum, we do not desire to follow it, because the statute is plain. It does not confine seduction to a promise of marriage alone, but, on the other hand, clearly intends that any other seductive promise, accomplishing the same result, is equally sufficient. In this case there was an unconditional promise of marriage. The appellant had wooed and won the affections of the prosecutrix. She had promised to become his wife. She relied upon him and believed in him. He then sought her to have sexual intercourse with him. She at first repulsed his advances, but finally, after several attempts, and under promise that he would marry her at once if he got her into trouble, yielded her virtue to him. Even though she submitted to him relying solely upon the conditional promise of marriage and upon no other, we think the evidence makes a plain case of seduction under our statute. *State v. Hughes,* 106 Iowa 125, 76 N. W. 520, 68 Am. St. 288, 44 L. R. A. 397. Under the facts in this case we think there was a clear case to go to the jury. *Cherry v. State,* 112 Ga. 871, 38 S. E. 341; *People v. Wallace,* 109 Cal. 611, 42 Pac. 159.

There is no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY and DUNBAR, JJ., concur.