(December 31, 1908.)

# W. L. MAPLE, Appellant, v. CYRUS WILLIAMS, Respondent.

[98 Pac. 848.]

MOTION TO DISMISS APPEAL—APPEALABLE ORDER.

    1. Under the provisions of sec. 9, art. 5, of the state constitution,. the supreme court has jurisdiction to review upon appeal any decision of the district courts or the judges thereof; but that provision does not authorize a direct appeal from every decision of the district courts or the judges thereof.

    2. Under the provisions of sec. 4824, Rev. Stat., upon an appeal from a judgment, the court may review the verdict or decision and any intermediate order or decision if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken.

    3. Subd. 3 of sec. 4807, specifies from what orders an appeal may be directly taken, and all orders or decisions not therein specified may be reviewed on an appeal from the judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover damages and for injunctive relief. Appeal from an order quashing the summons. Motion to dismiss appeal on ground that order appealed from is not an appealable order. Motion sustained and *appeal dismissed.*

G. G. Adams and F. H. Lyon, for Appellant, cite no authorities on points decided.

Ira W. Kenward, for Respondent.

The order attempted to be appealed from is not, of itself, an appealable order and could become appealable only as a "special order made after final judgment." (Subd. 3, sec. 4807. Rev. Stat.) The entries by the clerk in this case could not be considered a final judgment, such as is contemplated in said section or a judgment at all; that being true, the plaintiff is not. entitled to an appeal herein.

SULLIVAN, J.—This action was brought for an injunction to restrain the defendant from evicting and ejecting the plaintiff from a certain leased farm, and from removing certain chattels and personal property thereform, and to recover the sum of $3,000 damages occasioned by the alleged breach of the covenants of the lease under which said farm and personal property were held. Summons was issued and placed in the hands of a constable on March 5, 1908, and personally served on the 7th of that month. Thereafter a motion to quash said summons was made and filed on the 27th of said month, counsel for the defendant specially appearing for the purposes of said motion. On March 30th, counsel for appellant filed his application for default of the defendant on account of his failure to answer within the time required by the summons. In compliance with said request, the clerk of said court entered the default of the defendant, and thereupon the clerk entered judgment against the defendant, by default, for $3,000, that being the full amount of damages prayed for in the complaint, and for costs of suit. Thereafter the motion to quash was heard by the court, and on April 28, 1908, the court entered an order sustaining said motion, and set aside, quashed and held for naught said summons, to the making of which order the plaintiff duly excepted. This appeal is from that order.

A motion to dismiss the appeal has been interposed by the respondent, based on the ground that the order quashing said summons is not appealable. In support of said motion, counsel cites subd. 2, sec. 4807, Rev. Stat. That subdivision enumerates certain orders from which an appeal may be taken to the supreme court from the district court. The order appealed from is not one of the orders enumerated therein, and for that reason counsel contend that said order is not an appealable order. Counsel for appellant contends that said order is appealable under the provisions of sec. 9, art. 5, of the state constitution, which section is as follows:

"The supreme court shall have jurisdiction to review upon appeal, any decision of the district courts, or the judges thereof. . . . ."

Under that provision of the constitution, every decision of the district court may be reviewed upon appeal, but that provision was not intended to give a separate appeal from every decision. Under the provisions of sec. 4824, Rev. Stat., all orders and decisions made in an action may be reviewed upon an appeal from the judgment, except such decisions or orders as may be directly appealed from under the provisions of subd. 3, sec. 4807. This is a wise provision, for if an appeal could be taken from every order made by the court during the progress of the trial, delays in the trial might be almost interminable. If the appellant in the case at bar had stood on the decision of the court quashing the summons and permitted judgment of dismissal to be entered against him, he could have appealed directly from that judgment and had said order reviewed. The legislature by the provisions of subd. 3 of said sec. 4807 has provided that a direct appeal may be taken from the orders therein mentioned, and the legislature might by proper enactment permit direct appeals to be taken from other orders made in an action; but until that is done, the orders made prior to final judgment in a pending action not embodied in said subd. 3 must be reviewed on an appeal from the judgment and are not appealable orders.

For the foregoing reasons, the motion to dismiss the appeal must be sustained, and it is so ordered. Costs are awarded to the respondent.

Ailshie, C. J., and Stewart, J., concur.