(April 23, 1915.)

VINCENT F. LORANG, Respondent, v. L. R. RANDALL,
Appellant.

[148 Pac. 468.]

DAMAGES—PERSONAL INJURIES—VERDICT—SUFFICIENCY OF—NONSUIT—
COMPLAINT—AMENDMENT OF—INSTRUCTIONS.

1. *Held,* that the evidence is sufficient to support the verdict,
and that the court did not err in overruling appellant's motion for
a nonsuit.

2. Where the court allows an amendment to the complaint and
thereafter offers to continue the case at the cost of the plaintiff,
and the defendant indicates that he does not desire the case con-
tinued, *held,* that the court did not err in permitting the amendment.

3. *Held,* that the instructions given by the court fairly cover
the case, and were applicable to the evidence.

APPEAL from the District Court of the Second Judicial
District for Lewis County.  Hon. Edgar C. Steele, Judge.

Action to recover for personal injuries.  Judgment for
plaintiff.  *Affirmed.*

G. W. Tannahill, for Appellant.

From the evidence it appears that Lorang was the aggressor
—not only in attempting to ride his horse over Randall, but
also in attempting to drive from the corral a heifer which did
not belong to him; that he was engaged in an unlawful act or
undertaking at the time.

"A party who acts in defiance of law has no just claims to
its agency in obtaining redress for the damage he may have
sustained in the course of his illegal transactions." (Beach
on Contributory Negligence, sec. 47; Cooley on Torts, 2d ed..
151; *Dover v. Knauer,* 84 Ill. App. 184; *Wallace v. Cannon,*
38 Ga. 199; 95 Am. Dec. 385; *Sprague v. Rooney,* 104 Mo. 349,
358, 16 S. W. 505, 508.)

No action will lie to cover a demand or a supposed claim
for damages if to establish it the plaintiff requires aid from

an illegal transaction. (*Welch v. Wesson,* 6 Gray (Mass.), 505; *Gregg v. Wyman,* 4 Cush. (Mass.) 322.)

"Force, if not excessive, is justified when employed in necessary defense of the possession of property, either real or personal, against the aggressions of an individual, or of an animal." (38 Cyc. 532.)

F. E. Fogg, for Respondent, cites no authorities.

SULLIVAN, C. J.—This action was commenced to recover damages for personal injuries alleged to have been caused by the appellant's jerking the respondent's horse, causing the horse to rear and fall upon the respondent. The appellant denied the material allegations of the complaint and filed his cross-complaint, alleging damages by reason of the respondent's riding his horse wilfully and maliciously and without cause against the body of the appellant.

The cause was tried by the court with a jury and a verdict and judgment rendered and given in favor of the respondent, awarding him damages in the sum of $250 with costs. A motion for a new trial was denied and the appeal is from the judgment and order denying a new trial.

The appellant assigns several errors involving the sufficiency of the evidence to support the verdict, overruling and denying appellant's motion for a nonsuit, and errors of law occurring at the trial. The principal error involves the sufficiency of the evidence to sustain the verdict.

It is contended by counsel for appellant that the respondent was a trespasser at the time he received the injuries; that he had been ordered by the appellant not to attempt to take the heifer from a certain corral, which was involved in the controversy, for the reason, as claimed by the appellant, that the respondent did not own her, and notwithstanding he was ordered not to take her, he insisted upon riding into the corral and attempting to drive said heifer out, and it is contended that in his attempt to do that he rode his horse on to appellant and in appellant's effort to protect himself the horse was

thrown and in that manner the respondent received whatever injuries he sustained.

A number of witnesses testified for the plaintiff and defendant on the trial of the case, and there is a very substantial conflict in the evidence as to just what occurred shortly before and at the time of the appellant's catching the horse by the bridle and jerking him and the horse's rearing and falling over backward on the respondent.

We have examined the evidence very carefully and have concluded that there is substantial evidence in the record to support the verdict, and have also concluded that the court did not err in overruling appellant's motion for a nonsuit and also in denying appellant's motion for a new trial.

Some question is raised in regard to the action of the court during the trial in permitting the plaintiff to amend his complaint by setting forth the items consisting of medical attendance and the loss he sustained by not being able to attend to his business, etc. After allowing said amendment the court informed counsel for appellant that if he desired a continuance of the case in order to meet the allegations of the complaint as amended, the court would grant him such continuance at the cost of the plaintiff; but counsel for appellant indicated his willingness to proceed with the trial of the case and did not insist on a continuance. Those being the facts, the court did not err in permitting said amendment.

The instructions given by the court fairly cover the case, and the jury thereby was instructed that in order for the plaintiff to recover it was necessary for him to show as one of the facts that he himself was not guilty of any wilful or negligent acts which contributed in any degree to the injury, and that the evidence must show that the injury was caused by the wilful or negligent act of the defendant Randall and not for the purpose of preventing injury to himself. The instructions clearly cover the case on the theory on which it was tried.

In his cross-complaint the defendant claimed damages in the sum of $1,000 against the plaintiff because of the alleged attempt to ride his horse over him, and offered evidence to show that the plaintiff undertook to ride his horse over him

and that defendant's seizing the horse by the bridle and jerking it, as he did, was done to protect himself from injury. There was considerable evidence introduced on both sides in regard to this question, and there is substantial conflict therein, and it was for the jury to determine which one of the parties was at fault in the matter, which they did by returning a verdict in favor of the plaintiff.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.