ANNIE C. HARDIN v. F. L. DAVIS.

(Filed 22 February, 1922.)

1. **Seduction—Action—Tort—Damages—Promise of Marriage—Criminal Law—Statutes.**

   It is only necessary for plaintiff's recovering damages in her civil action, in tort, for wrongful seduction, to show that the defendant induced the intercourse by persuasion, deception, enticement, or other artifice; not requiring, as in prosecution under the criminal statute, C. S., 4339, that the intercourse was procured under a promise of marriage, though when existent this may be shown in the civil action as a means used by the defendant to accomplish his purpose.

2. **Same—Reformation of Female—Previous Unchastity.**

   It is not required that the woman should have always been chaste and virtuous to recover damages in tort for her seduction, for it is sufficient if by her conduct and rectitude she had reformed and was virtuous and chaste at the time of the defendant's wrongful acts in procuring the seduction, for then she will have become innocent in the eyes of the law. As to whether such reformation is required in the suit of the father is not decided in this case.

3. **Seduction—Action—Tort—Evidence—Instruction—Unsupported Testimony of Prosecutrix—Appeal and Error.**

   In the plaintiff's civil action to recover damages in tort for her seduction, the weight and credibility of her evidence are for the jury to determine; and an instruction in such action, as distinguished from a criminal indictment under the provisions of C. S., 4338, that her unsupported evidence is insufficient to warrant a verdict in her favor, is reversible error.

APPEAL by plaintiff from *Webb, J.,* at November Term, 1920, of CHEROKEE.

Civil action to recover damages for an alleged wrongful seduction.

The evidence of the plaintiff tended to show that the defendant, then a man twenty-six years of age, began to show plaintiff attentions and keep company with her in the year 1913, when the plaintiff was a mere child, not yet fifteen years old. These attentions were kept up by the defendant continuously until the year 1916, when the defendant seduced the plaintiff and procured her to have sexual intercourse with him, which acts of intercourse were kept up from time to time and as a result of which the plaintiff gave birth to a child. Plaintiff testified that she had never had intercourse with any one except the defendant. This was all denied by the defendant.

There was further evidence on behalf of the defendant tending to show that the plaintiff was a woman of bad character and of lewd and lascivious habits.

From a verdict and judgment in favor of the defendant, plaintiff appealed, assigning errors.

*J. D. Mallonee and J. N. Moody for plaintiff.*
*Martin, Rollins & Wright and M. W. Bell for defendant.*

STACY, J.    This was a civil action to recover damages for an alleged wrongful, but not necessarily criminal, seduction.    His Honor charged the jury that before the plaintiff could recover it would be necessary for her to show that the acts complained of were brought about and procured under a promise of marriage.    In this we think there was · error.    While a promise of marriage is quite often one of the means employed by the seducer to accomplish his purpose, and necessary to be shown on a criminal indictment (C. S., 4339; *S. v. Cline,* 170 N. C., 751), yet such a promise is not one of the essential elements in a civil action for damages.    *Ireland v. Emmerson,* 93 Ind., 1; *Bradshaw v. Jones,* 103 Tenn., 331; *Hood v. Sudderth,* 111 N. C., 215.    Intercourse induced by deception, enticement, or other artifice will suffice; for of such is the essence of the injury.    .24 R. .C. L., 734; 35 Cyc., 1309. But the mere proof of intercourse, and no more, is not sufficient to warrant a recovery.    *Volenti non fit injuria.    Patterson v. Hayden,* 17 Ore., 238.

There was a further charge to the effect that the plaintiff must have been an innocent and virtuous woman at the time of the seduction.    The instruction with respect to her present virtue and chastity, we apprehend, was correct (*Greenman v. O'Riley,* 144 Mich., 543); but the requirement of innocence in the sense of absolute freedom from intercourse at any time prior thereto (*S. v. Ferguson,* 107 N. C., 841), was more than the law imposes in an action of this kind.    A woman may become unchaste and then reform, and thereafter "tread the straight and narrow path" and lead an upright life.    She thereupon regains her virtue, and may also become an innocent woman in the eyes of the law and in the sense these words are used in legal parlance.    *S. v. Johnson,* 182 N. C., 883, and cases there cited.    If she then be seduced, there would seem to be no valid reason for denying her the right to sue for damages.    *Franklin v. McCorkle,* 16 Lea (Tenn.), 609.    But her reformation must have taken place prior to the alleged seduction, in which event, her previous unchastity would affect only the measure of damages. *Smith v. Milburn,* 17 Iowa, 30.    As to whether reformation would be necessary where a father sues for the seduction of his minor child is not decided here, nor are we presently concerned with the requisites of such a suit.    For information, however, see 24 R. C. L., 735, and 35 Cyc., 1304.

Cook *v.* Mfg. Co.

There was also an additional charge to the effect that the unsupported testimony of the woman would not be sufficient to warrant a verdict in her favor. This, we think, was prejudicial to the plaintiff's cause. In a civil action of this kind the weight of the evidence and the credibility of the witnesses rest entirely with the jury. *Shell v. Roseman,* 155 N. C., 90. The defendant is not charged with a criminal offense under C. S., 4338; but his Honor seems to have tried the case upon the theory of a criminal prosecution. The plaintiff, however, has elected to sue in tort.

For the reasons assigned, the cause must be remanded for another trial.

New trial.