[No. 20923.  Department Two.  February 15, 1928.]

JOHN S. PRONGER, *Respondent*, v. C. G. BUCK,
*Appellant*.[1]

[1] PLEADING (111)—SUPPLEMENTAL COMPLAINT—MATTERS ARISING
AFTER ORIGINAL PLEADING. In an action for alienation of af-
fections, it is not error to allow the filing of a supplemental com-
plaint showing acts since the commencement of the action,
tending to show not a new action but the purpose of prior acts
and their efficacy.

[2] APPEAL (269)—RECORD—STATEMENT OF FACTS—NECESSITY—EVI-
DENCE ON MOTION FOR NEW TRIAL. In the absence of a statement
of facts, it will be presumed that the trial court did not abuse
its discretion in granting a new trial for lack of evidence to
support the verdict.

Appeal from an order of the superior court for
King county, Griffiths, J., entered granting a new trial
after a verdict in favor of the defendant, in an action
for alienation of affections. Affirmed.

*Clarence L. Gere,* for appellant.

*Stratton & Kane* and *Elmer W. Leader,* for respond-
ent.

ASKREN, J.—Plaintiff brought this action to recover
damages for a claimed alienation of his wife's affec-
tions by the defendant. The cause was tried to a jury,
and the verdict was for the defendant. The court
granted a new trial upon the ground that the verdict
was contrary to the weight of the evidence. The de-
fendant then appealed, assigning two errors.

[1] He first claims that the court erred in per-
mitting an amended and supplemental complaint in the
action, in which acts of the appellant occurring after

[1]Reported in 263 Pac. 959.

the filing of the original complaint were set up as additional grounds of recovery.

If we understand appellant's argument, it is that respondent, having filed a complaint charging that the affections of his wife had been alienated, nothing occurring thereafter could affect him in any way, since the alienation was complete. Whether this is true or not depends upon the facts introduced in evidence, and which have not been brought here for review. Assuming that the alienation was complete at the time of the institution of the action, certainly the acts of the respondent thereafter tended to show not a new cause of action, but the purpose of prior acts and the completeness of their efficacy. *Eklund v. Hackett,* 106 Wash. 287, 179 Pac. 803.

[2] The other error assigned is that the trial court abused its discretion in granting a new trial.

As we have seen, the court did so upon the ground that the verdict was contrary to the evidence. There being no statement of facts brought here for review we are unable to examine the evidence to see if there was any abuse of discretion. Since the statute empowers the trial court to grant a new trial, if it believes the verdict contrary to the weight of the evidence, we must presume that the court performed its duty.

Judgment affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.