205 P.2d 507

### LANDHOLM v. WEBB.

#### No. 7498.

Supreme Court of Idaho.

April 11, 1949.

Rehearing Denied May 13, 1949.

James, Shaw & James, of Gooding, for appellant.

, Graydon W. Smith and Leonard H. Jacob, both of Twin Falls, for respondent.

SUTTON, District Judge.

Plaintiff commenced this action to recover damages on account of the alleged alienation from him of his wife's affections by the defendant. The trial resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has appealed.

It seems advisable to first take note of certain dates appearing in the record. The plaintiff John Landholm and his wife Pauline were married on April 22, 1932. On January 22, 1948, the wife filed suit for divorce. On February 14, 1948, the complaint in this action was filed. On or about May 7, 1948, a divorce was granted to the husband, the respondent herein, by default upon his cross-complaint. By this decree, all of the community property was awarded to the husband and the custody of the children was divided, that is, part of the time they are in the custody of the father and part of the time in the custody of the mother, all pursuant to a property settlement agreement entered into between Mr. and Mrs. Landholm. This action came to trial on June 21, 1948.

The appellant makes thirteen assignments of error. Since it is not assigned that the evidence is insufficient to support the ver-

dict and judgment, in so far as is possible in disposing of these several assignments we will avoid reciting the evidence for the sake primarily of the future welfare of the two Landholm children.

By the first assignment it is charged the court erred in overruling defendant's objections to the admission of testimony concerning the conduct of the defendant and Pauline Landholm after the times charged in the complaint and after the commencement of this action, and in denying defendant's motions to strike such testimony. If it be appellant's contention that evidence of the conduct between the defendant and the plaintiff's wife occurring after the alleged alienation of her affections from the plaintiff was complete, is at no time and under no circumstances admissible, the authorities would seem to be against him. Johnson v. Richards, 50 Idaho 150, 294 P. 507; 42 C.J.S., Husband and Wife, § 688, p. 339; Pronger v. Buck, 146 Wash. 577, 263 P. 959; Buckley v. Francis, 78 Utah 606, 6 P.2d 188; Eklund v. Hackett, 106 Wash. 287, 179 P. 803; Crosslands v. Hamilton, 128 Okl. 213, 262 P. 196. If, however, appellant's contention be that evidence of events occurring after the filing of the complaint, is not admissible without amended or supplemental pleadings, he is not without authority to sustain his contention. Sec. 5-814, I.C.A.; Molyneaux v. Twin Falls Canal Co., 54 Idaho 619, 635, 35 P.2d 651, 94 A.L.R. 1264; 49 C.J. pages 506, 566, 794. However, an examination of the transcript will disclose that perhaps the most damaging bit of the questioned evidence is found in the testimony of the witness Charles E. Young (ff. 84-87) and the evidence of Dale Spencer (ff. 115-121); and it will further disclose there was no objection made on any ground to any part of the testimony of these witnesses. All of the other questioned evidence was introduced by subsequent witnesses. Thus it would appear that any error which may have been made in the admission over proper objection of some of this evidence was not prejudicial to the defendant in view of the admission without objection of the evidence of the witnesses Young and Spencer.

By assignment number two it is charged the court erred in refusing to give defendant's requested instruction No. 1, as follows:

"You are instructed that the defendant cannot be held liable in damages for any alienation of affections occasioned or brought about by the plaintiff's mistreatment of his former wife, Pauline Landholm, if you find that there was such mistreatment, and should you find that the affections of his former wife, Pauline Landholm were lost by the plaintiff's mistreatment of her, then in that event your verdict should be for the defendant."

It was the defendant's theory that plaintiff, by his own grievous mistreatment of his wife had himself alienated her affections from him, and there is considerable evidence in the record to sustain that theory. We believe the defendant was entitl-

ed to have his theory presented to the jury by an appropriate instruction and that his requested instruction No. 1 was correct and proper for that purpose. The court by a number of its instructions did advise the jury in general terms that before plaintiff could recover he must prove by a preponderance of evidence that the affections of his former wife had been alienated from him by the wrongful acts and conduct of the defendant. It seems to us, however, that there is a difference between this general statement and the particular theory of the defendant covered by his request No. 1, and that in view of the entire record it was error not to give the requested instruction.

■ By assignment number three the court is charged with error in refusing to give defendant's requested instruction No. 2 which in effect would limit the plaintiff's damages for loss of the affections, society and services of his wife to the date of the divorce. This is an incorrect statement of the law, Johnson v. Richards, supra; Riggs v. Smith, 52 Idaho 43, 11 P.2d 358; Summerfield v. Pringle, 65 Idaho 300, 144 P.2d 214, and there was no error in refusing the request.

The observations just made with respect to assignment number three are applicable to assignment number ten wherein it is charged that Instruction No. 7 as given was erroneous.

■ Assignments numbered four, five, six, seven, eight and nine allege error in the court's refusal to give a number of defendant's requested instructions. While several of these requested instructions are doubtless correct statements of the law, they in part constitute a ringing of the changes and are substantially covered by the instructions given; and there was no error in refusing to give the requests.

■■ By assignments numbered eleven and thirteen it is charged Instructions No. 10 and No. 12 respectively as given by the court were erroneous. As we understand appellant, it is his contention adultery was not charged in the complaint. It is not charged by that name. However, it is charged that the defendant "seduced said wife and alienated her affections from the plaintiff".

"Seduction is the act of inducing a woman of previously chaste character to consent to unlawful sexual intercourse". Opitz v. Hayden, 17 Wash.2d 347, 135 P.2d 819, 826; Vol. 38, Words & Phrases, Perm.Ed., page 490; 57 C.J. 9.

The allegation was sufficient to raise the issue.

■ Assignment numbered twelve charges the court erred in giving Instruction No. 11, the last paragraph of which reads as follows: "If you should find that due to the acts of the defendant the plaintiff has been deprived of the companionship of his children, in assessing damages, if any, to which the plaintiff may be entitled, you may consider such fact." The respondent has cited no authority to support this instruc-

tion, and our search has 'failed to find either a textual statement or a decided case where in an action of this nature it has been declared or held the loss of companionship of one's children is an item of damages. We do not mean to say we do not consider the loss of companionship of one's children may not be as great a damage as the loss of the affection of one's spouse, but only that such loss is not a proper item of damage in this kind of an action. It therefore follows that the giving of Instruction No. 11 was erroneous and perhaps prejudicial to the defendant and therefor a new trial should be awarded.

The judgment is reversed and the cause remanded to the trial court with instruction to grant a new trial. Costs awarded to appellant.

HOLDEN, C. J., GIVENS and PORT-ER, JJ., concur.

McDOUGALL, Dist. J., dissents.