**282 P.2d 475**

Louis M. CARDOZA, Plaintiff-Respondent,

v.

Joseph C. CARDOZA, Defendant-Appellant.

No. 8215.

Supreme Court of Idaho.

April 6, 1955.

Henry F. Reed, Delana & Delana, Boise, for appellant.

Gigray & Boyd, Caldwell, for respondent.

SMITH, Justice.

Respondent and appellant are brothers; they are herein referred to as plaintiff and defendant, respectively.

Plaintiff sets forth in his complaint that the two brothers entered into Articles of Partnership August 27, 1951, to carry on a cattle ranch operation as Cardoza Brothers Ranch at Star Valley, Owyhee County, Idaho; that August 22, 1952, they entered into a written agreement of Dissolution of Partnership, whereby plaintiff sold his interest in the partnership to defendant for $12,750. Plaintiff alleges his full performance of such agreement and failure of defendant to pay the $12,750 thereunder, and prays judgment against defendant for such sum.

Defendant by his answer admitted the creation of the partnership and the written agreement of Dissolution of Partnership, but denied the remainder of the allegations of the complaint.

The jury returned a verdict in plaintiff's favor. The trial court entered judgment thereon from which defendant perfected appeal.

Pertinent facts in addition to those admitted by the answer are hereafter set forth:

The two brothers bought the ranch, situate in a remote area in Owyhee County, and 80 head of cattle, as partnership property, paying $22,000 therefor; thereupon they entered into the Articles of Partnership of August 27, 1951, for the operation and management of the ranch; pursuant thereto plaintiff brother moved onto the ranch in the early fall of 1951 and remained there in charge continuously through the time the dissolution of the partnership was effected, August 22, 1952, until about the middle of October, 1952.

The Agreement of Dissolution provides in effect:

The partnership assets, both real and personal, are described and listed. The personal property includes: 51 head of cattle branded with Bar T 5 brand on left hip, and 61 head of cattle, *more or less,* some branded with Bar T 5 brand, and others without brand. The brothers *have agreed that the partnership shall stand dissolved August 22, 1952,* and thereupon the business shall belong to defendant, solely. Plaintiff assigns and transfers absolutely his interest in the partnership by appropriate instruments, to defendant in consideration of $12,750 being paid by him to plaintiff, who agrees to execute and deliver to escrow holders named all requisite instruments to effect the transfer, and defendant agrees to place the $12,750 with such escrow holders. With respect to effecting the dissolution the brothers understand that a count of the cattle will have to be made, and plaintiff brother remove his personal belongings from the ranch, such to be consummated in a period of 30 days; *upon completion of the cattle count and when plaintiff has moved, the escrow holders shall pay the $12,750 to plaintiff* and deliver the instruments of transfer to defendant. Each brother releases and forever discharges the other from all actions and demands, whatsoever, except as may arise out of the dissolution agreement.

Plaintiff, retiring brother, following the execution of the dissolution agreement, executed and delivered to the escrow holder, on August 22, 1952, good and sufficient bills of sale to the personal property and warranty deed to the real property, and then returned to the ranch. Defendant brother later sent one Kendell Doran to the ranch to make the cattle count; Mr. Doran spent three weeks at the ranch, making the count. When he had completed the count, Doran gave plaintiff brother a written statement (Ptf. Exhib. No. 2), reading as follows:

"To Whom it may Concern.

"I the undersigned who is authorized by J. C. Cordoza to make this count of cattle bearing the bar T 5 ($\frac{T}{5}$) brand on the left hip. have counted, 25 Pair of cows & calves, 19 yearling heifer, 18 Steers, 21 dry cows & 2 Bulls equaling one hundred & ten head of mixed cattle.

"(s) Kendell N. Doran
"Star Valley, Idaho
October 12, 1952

"Received from Kendell Doran this statement of cattle count."

Plaintiff moved from the ranch following the completion of the cattle count which by the above instrument appeared completed by Mr. Doran October 12, 1952. Defendant then took over the ranch with Doran remaining on and in possession of the ranch, operating it for defendant.

Defendant brother who took over the ranch and its properties did not pay over the $12,750 to the escrow holders as provided by the agreement of dissolution, nor

350

to plaintiff, which failure on defendant's part precipitated the litigation.

■ Defendant assigns nineteen errors committed by the trial court relating to remarks by the trial judge made during progress of the trial, deemed excepted to by I.C. § R 10–502. We have examined such assignments and conclude that they are not well taken.

■ A trial judge is vested with broad discretionary powers in the conduct and during progress of a trial. His exercise of that discretion will not be disturbed unless abused or material harm be done to the complaining party. Bartolini v. Andrioli, 123 Cal.App. 350, 11 P.2d 66; Minnich v. Minnich, 127 Cal.App. 1, 15 P.2d 804; Eysenbach v. Farmers' & Merchants' Bank of Winnett, 164 Okl. 127, 23 P.2d 190; Richer v. Burke, 147 Or. 465, 34 P.2d 317; Thornton v. Eneroth, 180 Wash. 250, 39 P.2d 379, 48 P.2d 1120; Cholia v. Kelty, 155 Or. 287, 63 P.2d 895; Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946; State v. Fuller, 34 Mont. 12, 85 P. 369, 8 L.R.A.,N.S., 762; Marin Water & Power Co., v. Railroad Commission, 171 Cal. 706, 154 P. 864; 53 Am.Jur., Trial, secs. 76–79, pp. 75–79; 58 Am.Jur., Witnesses, secs. 554–555, pp. 308–309.

■ Defendant assigns error of the trial court in admitting in evidence Plaintiff's Exhibit No. 2, the cattle count made by Kendell N. Doran, on the ground that

Doran was not shown to be an agent of defendant; whereas, defendant, by his own testimony, admitted that he sent Doran to the ranch to make the cattle count, and Doran completed the count in some three weeks, by October 12, 1952. Plaintiff then moved off and Doran remained in possession of the ranch and operated it for defendant. The assignment is not well taken.

Defendant assigns error of the trial court in instructing the jury to the effect that the brothers fixed $12,750 to be paid by defendant for whatever constituted plaintiff's interest in the partnership property and, that defendant's making payment of such consideration was neither conditioned nor dependent upon a specific number of cattle to be included.

■ No condition appears in the dissolution agreement which requires plaintiff to account for cattle, or any number of cattle; rather the agreement sets forth a *status quo* of the partnership property as of the date of the dissolution, August 22, 1952, with the number of cattle approximated at 112 head, more or less, which number approximated the "one hundred & ten head of mixed cattle" as counted by Doran at defendant's instance and request. The only condition to be found in the Dissolution Agreement which in anywise conditions the payment of the consideration of $12,750 by defendant to plaintiff is, "that the escrow holders hereafter named

shall, when the cattle count has been completed and Louis M. Cardoza has moved, pay the consideration hereinbefore set forth ($12,750.00) to Louis M. Cardoza." Such assignment is not well taken.

■ Defendant also assigns error of the trial court in instructing the jury that if defendant after entering into the Agreement of Dissolution took possession of the land and personal property and failed to pay to plaintiff the sum he had agreed for plaintiff's share in the partnership property under the terms of the Dissolution Agreement, that the jury should find for plaintiff.

The record shows that upon completion of the cattle count, October 12, 1952, and plaintiff's removal from the ranch, Doran remained in possession of the ranch at defendant's instance; that thereafter defendant operated the ranch as his own, such as on one occasion he sold 22 head of cattle and did not divide the proceeds with plaintiff; also that he did not individually or otherwise make any cattle count in addition to the Doran count, nor did he notify his brother of any dissatisfaction with the cattle count, or otherwise. The assignment is not well taken.

Further assignments made by defendant are immaterial.

Judgment of the trial court is affirmed. Costs to plaintiff-respondent.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.