341 P.2d 442

Sharon SEAMONS, Plaintiff-Respondent,

v.

Garth SPACKMAN, Defendant-Appellant.

No. 8670.

Supreme Court of Idaho.

July 6, 1959.

Johnson & Olson, Pocatello, for respondent.

Anderson & Anderson, Pocatello, for appellant.

and then and there seduced and carnally knew her, and that thereby she became pregnant; that by reason of the seduction and pregnancy plaintiff suffered and continues to suffer ill health and injury, humiliation, shame and mental distress; that her reputation has been permanently injured, her prospects ruined, and that she will be forced to discontinue employment, to her damage in amounts alleged.

Defendant, appellant, is 35 years of age. In his answer, he generally denied the allegations relating to the seduction and damage, and affirmatively alleged that on July 12, 1957, plaintiff was not a woman of previous chaste character.

The trial court set the case for trial by jury, December 30, 1957. The court denied defendant's motion for a continuance until the birth of the child; also denied his motions for nonsuit and directed verdict.

The jury returned a verdict of general and exemplary damages in favor of plaintiff against the defendant, upon which the court December 31, 1957, rendered judgment. The court thereafter denied defendant's motion for a new trial. Defendant has appealed from the judgment.

Defendant assigns as error the refusal of the trial court to grant his motion for a continuance.

SMITH, Justice.

Plaintiff, respondent, during September 1957, commenced this action seeking damages for seduction. She alleges in her complaint that on July 12, 1957, the date of the offense, she was, and is, a single woman aged 19 years, of previously chaste character; that on said date defendant wilfully and maliciously enticed and persuaded her to have illicit intercourse with him,

I.C. § 5-308 reads as follows:

"An unmarried female may prosecute, as plaintiff, an action for her own seduction, and may recover therein such damages, pecuniary or exemplary, as are assessed in her favor."

The gravamen of the action for seduction, contemplated by such section of the statute, is not "pregnancy", although pregnancy may be a consideration in the enhancement of damages. 79 C.J.S. Seduction § 25, p. 982; Sutherland on Damages, § 1283, p. 4966; Shadix v. Brown, 216 Ala. 516, 113 So. 581.

The trial court permitted plaintiff to place before the jury her alleged damage attributable to the pregnancy, fortified by relevant jury instructions.

Plaintiff's attending physician testified from information gained by detailed examinations of plaintiff, disregarding her statements relating to the time of the alleged seduction; the physician referring to the time when he heard the foetal heart tones which, he stated, occur from the 18th to 20th week of gestation, testified that he estimated the birth of the child would occur near the middle of April, 1958, at the expiration of the 40 weeks of gestation usually required, plus or minus two weeks. Additionally, the court permitted plaintiff to show elements of special damage by way of expense in obtaining requisite hospitalization and medical attendance which included a period of six weeks convalescence; also plaintiff testified concerning her employment, her wage rate, and the time when she discontinued that work. Thus, defendant was not prejudiced by the court's refusal to grant the continuance.

A motion for continuance is addressed to the sound discretion of the trial court and its ruling will not be disturbed unless it has abused such discretion. Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347; Pauley v. Salmon River Lumber Co., 74 Idaho 483, 264 P.2d 466. We find no abuse of discretion in the denial of the motion for continuance.

■ Defendant next assigns error of the trial court in giving instructions Nos. Three[1] and Five,[2] defining seduction, wherein is contained the words, "urgent importunity" and "professions of attachment".

1. Seduction is defined as the act of inducing a woman of a previous chaste character to consent to unlawful sexual intercourse, brought about by enticement, persuasion or promise of marriage on the part of the person charged with the act.

It is the act of a man inducing a woman to have sexual intercourse out of wedlock, which amounts to an invasion of virtue of a woman under false promises, artifice, professions of attachment, or urgent importunities.

2. The plaintiff cannot recover in this action by reason of defendant's having sexual intercourse with her, nor by reason of any consequence of such intercourse, if the sexual intercourse between her and the defendant was with her consent, unless that consent was obtained by false

"Importunity" is defined as persistent, pressing, or pertinacious solicitation; urgent request; Black's Law Dictionary, Ballentine's Law Dictionary, Bouvier's Law Dictionary, Rawle's Third Revision, Webster's New Int'l Dictionary, 2d Ed. Clearly, "urgent importunity" as well as "professions of attachment" are included within the purview of the meaning of enticement or persuasion.

In Kralick v. Shuttleworth, 49 Idaho 424, 439, 289 P. 74, 80, this Court approved a jury instruction reciting that if the jury find that the plaintiff "at the time of the alleged seduction maintained a habit of sexual virtue, she may be deemed chaste within the meaning of the law, so that an invasion of that virtue under false promises, artifice, professions of attachment, or urgent importunity would entitle her to an award of such damages, if any, as are shown by a preponderance of the evidence," based upon the theory, among others, that the plaintiff was "not capable of combatting the artifices made use of by defendant."

In 47 Am.Jur., Seduction, p. 661, § 65, it is stated:

"* * * Generally, however, the presence of the following factors is regarded as essential to the maintenance of an action and recovery of

damages for seduction: (1) enticement, persuasion, or solicitation of some nature; (2) chastity of the female at the time of the alleged seduction; and (3) sexual intercourse as a result of the enticement."

and in § 66, relating to the element of enticement, persuasion or solicitation, it is stated:

"* * * Generally * *, three more or less definite forms of conduct on the part of the defendant have been recognized as sufficient to authorize an action: (1) solicitation and importunity; (2) lovemaking creating a desire in the woman for improper relations; and (3) false promises and artifice. Although the three often concur and cannot be clearly distinguished, presence of any one of the elements appears to be sufficient to support an action. It is generally a question for the jury to determine under proper instruction from the Court."

In Fulgham v. Gatfield, 72 Idaho 367, 241 P.2d 824, 826, this Court approved the following jury instruction:

"You are instructed that seduction is defined as the act of inducing a woman of a previous chaste character to consent to unlawful sexual intercourse,

promises, artifice, devise, professions of attachment or urgent importunities, by which she was deceived and misled. If she consented, with or without persua-

sion, merely to gratify her own or the defendant's lust, or that of both of them, she cannot recover.

brought about by enticement, persuasion or promise of marriage on the part of the person charged with the act."

citing Opitz v. Hayden, 17 Wash.2d 347, 135 P.2d 819, 827, wherein it is stated:

" * * * it was, as we have already indicated, simply a case of seduction, wherein a girl of previously chaste character was induced to consent to unlawful sexual intercourse, brought about by the blandishment, wiles, enticement, and persuasion exerted upon her by the seducer. Throughout this phase of his argument appellant stresses the invalidity of the promise of marriage, as though the case must stand or fall upon that issue. But a promise of marriage is not an indispensable element of seduction. State v. O'Hare, 36 Wash. 516, 79 P. 39, 68 L.R.A. 107; 104 Am.St.Rep. 970; State v. Storrs, 112 Wash. 675, 192 P. 984, 197 P. 17; 24 R.C.L. 736, Seduction, § 6; 57 C.J. 50, Seduction, § 156. The essential element of the offense is the seduction itself, when brought about by solicitation, persuasion, or any artifice by reason of which a woman of previously chaste character is induced to depart from the path of rectitude and yield to sexual intercourse."

See also Landholm v. Webb, 69 Idaho 204, 205 P.2d 507; Morrell v. Morgan, 65 Cal. 575, 4 P. 580; Marshall v. Taylor, 98 Cal. 55, 32 P. 867; Carter v. Murphy, 10 Cal. 2d 547, 75 P.2d 1072; Hirschy v. Coodley, 116 Cal.App.2d 102, 253 P.2d 93; Shadix v. Brown, 216 Ala. 516, 113 So. 581, Hardin v. Davis, 183 N.C. 46, 110 S.E. 602, 21 A.L.R. 302; Burke v. Middlesworth, 92 Ind.App. 394, 174 N.E. 432; Annotation 21 A.L.R. 303 and 121 A.L.R. 1487.

We find no error in the giving of Instructions Nos. Three and Five.

Defendant assigns error of the trial court in failing to give his requested instructions Nos. One and Three, asserting that they correctly define seduction. The requested instructions set out the requirement that, to constitute seduction, plaintiff's consent must have been obtained by solicitation, promises, or by some artifice or devise by which she was deceived or misled. Additionally, requested instruction No. Three recited that it must appear that defendant employed such artifices or deceit as were calculated to mislead a virtuous woman, and that plaintiff was misled thereby and the seduction accomplished. Instruction No. Five (footnote No. 2) covered all the elements of the requested instructions. We find no merit in this assignment.

Defendant urges error committed when the trial court commented, upon objection by the defense, on the remark of

plaintiff's counsel when addressing the jury, "each party had an opportunity to have this girl examined by an expert," the court's comment being, "I feel quite sure that counsel is just close to the edge, and is not off the edge, of propriety."

In determining whether the remarks of a trial judge are prejudicial this Court in State v. Polson, 81 Idaho 147, 339 P.2d 510, 519, stated:

"The true tests, to determine if the remarks of a trial judge are prejudicial, are whether those remarks constitute comment on the weight of the evidence, State v. Ward, 51 Idaho 68, 1 P.2d 620; * * * or tend to ridicule counsel or reflect upon his conduct in handling the case, State v. Rutten, 73 Idaho 25, 245 P.2d 778; or on the other hand, whether the remarks and conduct of the trial judge are intended only to make points clear or elucidate the matter under consideration, State v. Neil, 58 Idaho 359, 74 P.2d 586."

In Cardoza v. Cardoza, 76 Idaho 347, 282 P.2d 475, 476, the rule is stated, amply supported by authorities:

"A trial judge is vested with broad discretionary powers in the conduct and during progress of a trial. His exercise of that discretion will not be disturbed unless abused or material harm be done to the complaining party."

Additionally, defense counsel requested the trial court to instruct the jury to disregard the remarks of plaintiff's counsel. Not only did the court so instruct the jury during the argument, but by Instruction No. Eleven additionally instructed the jury, "You are not to allow yourselves to be influenced by any opinion you think that the court has formed upon any fact in this case. The court has not intended to express any opinion, and if you should have gathered that the court have any opinion whatever upon any fact in this case, you will disregard that, because you are the sole judges of the facts." State v. Autheman, 47 Idaho 328, 274 P. 805, 808, 62 A.L. R. 195, states the rule: "It must be presumed that the jury obeyed the instruction (State v. Jester, 46 Idaho 561, 270 P. 417)."

There is no merit in defendant's said assignment.

Defendant next urges as error the refusal of the trial court to grant the motions for nonsuit and directed verdict, upon the ground that the evidence is insufficient to show seduction of plaintiff by defendant.

Plaintiff testified that shortly after she and defendant left the Club, defendant stopped the vehicle in which they were riding. Plaintiff then testified as to what occurred, "That is when Mr. Spackman put his arms around me and told me he loved me, and he said it was really it this time;"

that then they stopped for coffee at a cafe where defendant professed to find her attractive; that when they returned to the vehicle, defendant embraced her and suggested that they go for a ride; that after driving for a time defendant parked the car and again embraced plaintiff with increasing ardor and passion, making sexual advances, and ultimately accomplishing the sexual act; that plaintiff emphasized her unwillingness thereto by protestations and resistance, which defendant overcame by main strength accompanied with arduous embraces. Plaintiff testified that the intercourse was "against my will. * * * I did try to push Mr. Spackman away * * * he was stronger than I was, * * * I tried to prevent it. * * * I know I was scared and I was hurt and I was trying to keep him away from me." Plaintiff so testified in effect on both direct and cross examination. Plaintiff also testified that she was of previous chaste character. In Kralick v. Shuttleworth, supra, this Court stated:

"Since each case must stand upon its particular facts in actions of this kind [citations], and no hard and fast rule obtains which furnishes a safe criterion by which it can always be ascertained whether a particular state of facts constitutes seduction [citations], a minute discussion of the evidence would be of no benefit. What might be seduction in one case might,

with an older woman, more mature mentally, of greater intelligence, education, and experience, and under different circumstances, not constitute seduction. [citations]. The disparity of the ages of the parties is always proper to be considered."

Suffice it to say that, in addition to the disparity of the ages of the parties, the evidence shows defendant's representations of love for plaintiff; the jury must have believed that defendant made those representations deceitfully, as an artifice of deceptive enticement, and as an element of persuasion to overcome plaintiff's resistance, in addition to the force which defendant exerted. Defendant asserts in effect that enticement or persuasion is not enough especially in the absence of any showing of false promises. Such is answered in Fulgham v. Gatfield, supra, wherein this Court said:

"The objection is that enticement or persuasion is not enough and that to constitute seduction there must be false promises, deception or misleading of the plaintiff. We think the definition given is sufficient. Landholm v. Webb, 69 Idaho 204, 205 P.2d 507; Patterson v. Hayden, 17 Or. 238, 21 P. 129, 3 L.R. A. 529; Opitz v. Hayden, 17 Wash.2d 347, 135 P.2d 819; 57 C.J., Seduction, §§ 1 and 6; 47 Am.Jur., Seduction, §§ 65, 66, 67, 68, 69 and 70."

and in Landholm v. Webb, supra, seduction is therein defined as "the act of inducing a woman of previous chaste character to consent to unlawful sexual intercourse."

Defendant's motions for nonsuit and directed verdict were properly denied.

Defendant assigns as error the denial of his motion for a new trial.

Defendant appealed from the judgment and not from the order denying his motion for a new trial.

An order denying a motion for a new trial, being an order made after judgment, is not included within the purview of an appeal from the judgment, I.C. §§ 13–201, 13–214, and being an appealable order this Court cannot review it upon an appeal from the judgment, I.C. § 13–219; Maple v. Williams, 15 Idaho 642, 98 P. 848; Evans v. Davidson, 57 Idaho 548, 67 P.2d 83.

We find no merit in this assignment.

It is the function of the jury to pass upon the weight of the evidence. Allen v. Laudahn, 59 Idaho 207, 81 P.2d 734; Summerfield v. Pringle, 65 Idaho 300, 144 P.2d 214; Poulsen v. New Sweden Irr. Dist., 67 Idaho 177, 174 P.2d 206; Mason v. Mootz, 73 Idaho 461, 253 P.2d 240. The credibility of witnesses is for the jury.

Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680; Anderson v. Ruberg, 66 Idaho 417, 160 P.2d 456; Poulsen v. New Sweden Irr. Dist., supra; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P. 2d 494.

Where the evidence is conflicting on the material issues of fact, it is the province of the jury to find on such conflicting evidence. Lorang v. Randall, 27 Idaho 259, 148 P. 468; Shallis v. Fiorito, 41 Idaho 653, 240 P. 932; Cooper v. Oregon Short Line R. Co., 45 Idaho 313, 262 P. 873; Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985; Bowman v. Bowman, 72 Idaho 266, 240 P.2d 487. Whenever there is substantial evidence to support a verdict the same will not be set aside. I. C. § 13–219; Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 64 Idaho 474, 133 P.2d 1017; Poulsen v. New Sweden Irr. Dist., supra; Macomb v. Extension Ditch Co., 70 Idaho 202, 214 P.2d 464; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Shepard v. Smith, 74 Idaho 459, 263 P.2d 985; Zenier v. Spokane International Railroad Co., supra.

The judgment of the trial court is affirmed. Costs to respondent.

TAYLOR, KNUDSON and McQUADE, JJ., and BURTON, District Judge, concur.