[Civ. No. 3015. Second Appellate District, Division Two.—October 20, 1919.]

T. A. GREENLEAF, Appellant, v. THE PACIFIC TELE-
PHONE AND TELEGRAPH COMPANY (a Corpora-
tion), Respondent.

[1] NEGLIGENCE—ACTION FOR DAMAGES FOR BURNING OF WAREHOUSE—ORIGIN OF FIRE—PREPONDERANCE OF EVIDENCE—ERRONEOUS INSTRUCTION.—In an action for damages for the burning of a warehouse and its contents by reason of the alleged negligent act of defendant's janitor in placing and leaving a can of hot ashes and coals against the rear end of the building, it is prejudicial error to instruct the jury that "if a preponderance of the evidence fails to satisfy you that the fire was so caused, or leaves in your mind any doubt, confusion, or uncertainty as to the origin of the fire, your verdict should be for the defendant."

[2] ID.—EVIDENCE—CUSTOM OF JANITOR—REBUTTAL.—Where in such action the janitor had testified that he knew that he had poured water on the ashes taken up on the evening preceding the fire, and gave as a reason for his certainty that he had wet them down on this particular night, that he did it every night—in other words, that it was his invariable custom, the court committed error in excluding evidence offered to rebut the janitor's statement that it was his invariable custom to pour water on them before depositing them in the container.

---

2. Admissibility of evidence of custom on question of negligence, notes, 10 L. R. A. 366; 41 L. R. A. (N. S.) 683.

[3] ID.—CONTRADICTION OF OWN WITNESS—FOUNDATION NECESSARY.—
While, in order to discredit his own witness by showing that he
had on other occasions made inconsistent statements, it is necessary
that the party calling him show that he has been taken by surprise,
it is not necessary that the element of surprise be shown as a con-
dition of contradicting the witness by independent evidence as to
the facts.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.   T. A. Norton, Judge.   Reversed.

The facts are stated in the opinion of the court.

S. V. Wright and Lamy & Putnam for Appellant.

Pillsbury, Madison & Sutro and Paul M. Gregg for Re-
spondent.

SLOANE, J.—Plaintiff, the appellant here from a judg-
ment against him in the superior court of San Luis Obispo
County, charged in his complaint the burning of his ware-
house and its contents by reason of the negligent act of
defendant's servant in placing and leaving a can of hot
ashes and coals against the rear end of the building.

It is alleged that the rear wall of the structure, which
was of boards standing up and down, was ignited by the
hot and burning coals.   The undisputed testimony estab-
lished the fact that defendant's janitor was accustomed to
depositing ashes from a heating-stove in defendant's build-
ing in a can or container in close proximity to plaintiff's
building, and that on the evening of the night of the fire
the container was freshly filled with ashes from this stove,
which had been burning throughout the day.   Some time
in the night the warehouse was discovered on fire.   The evi-
dence fairly indicates that the fire had originated at or
near the point where the ash container was placed, and no
other explanation of the fire than from these ashes is sug-
gested.   The wareroom contained cans and receptacles of
gasoline, oils, and other inflammable liquid.   The circum-
stances shown in evidence were such as to justify the sub-
mission of the cause of the fire to the jury, and we do

_____

3.   Impeachment of own witness, notes, Ann. Cas. 1914B, 1120;
21 L. R. A. 426.

not see how a verdict, either for or against the plaintiff, would be open to attack for insufficiency of the evidence.

The ground relied on by plaintiff on this appeal is alleged error of the court in giving and refusing instructions, and in its rulings excluding certain testimony in behalf of the plaintiff. There are only two specifications which we need to consider.

[1] After the jury was correctly informed that they could determine their verdict by a preponderance of the evidence, and were instructed as to what constituted pre ponderance of the evidence, the following instruction was given: "Before you can find a verdict for the plaintiff the evidence must satisfy you that the fire was caused by the acts of the agent or employee of the defendant in placing hot ashes containing fire near or against plaintiff's warehouse; and if the preponderance of the evidence fails to satisfy you that the fire was so caused, *or leaves in your mind any doubt, confusion or uncertainty as to the origin of the fire, your verdict should be for the defendant.*" (Italics ours.) To what avail are the instructions as to the sufficiency of a preponderance of the evidence to support a verdict, and as to its efficacy if it produces unprejudiced conviction in their minds, when followed by the explicit direction that the degree of certainty indicated must not only be beyond a reasonable doubt, but must not admit of any doubt at all? Even in a criminal case, requiring the minds of the jurors to be satisfied beyond a reasonable doubt, this instruction would be erroneous. That it must be considered prejudicial, under the state of the evidence here, there can be no question. The learned trial judge evidently recognized the vice of this instruction as submitted to him, and attempted to remedy it by inserting the words "preponderance of the evidence"; but the mere knowledge of the jurors that they might be governed by a preponderance of the evidence was not enough, when they were told that the effect of such preponderance must be such as to remove *any doubt* as to the origin of the fire. Respondent argues that the error, if any, in this instruction, was not prejudicial, for the reason that plaintiff had offered an instruction which was given by the court, and which laid down the same rule as that objected to, as to the required weight of the evidence. We do not find it so. In plaintiff's

instruction it was declared that in order to find for the plaintiff facts must be established "by the preponderance of the probabilities" to their "satisfaction as reasonable men"—or, in effect, to their reasonable satisfaction. That is very different from an instruction that they cannot find for the plaintiff if a preponderance of the evidence "fails to satisfy you that the fire was so caused, or leaves in your mind any doubt, confusion, or uncertainty as to the origin of the fire."

[2]    The second point of error which requires consideration is the ruling of the court excluding evidence bearing upon the custom of the janitor, Williams, in pouring water on the hot ashes before placing them in the container adjacent to plaintiff's building. The janitor testified that he knew that he had poured water on the ashes taken up on the evening preceding the fire, and gave as a reason for his certainty that he had wet them down on this particular night, that he did it every night—in other words, that it was his invariable custom. The witness Walters, a former employee of the defendant, and who had been subpoenaed on behalf of the defendant, being called to the stand by the plaintiff, stated that it was the habit of the janitor to wet down the ashes every evening. The question was asked by plaintiff's counsel: "Was the habit a uniform habit, one strictly adhered to by him? A. Almost invariably. Q. Was it always?" To this question the court sustained the objection that it was incompetent, irrelevant, and immaterial, and not proper direct examination. "Q. Did you observe how frequently he didn't wet the ashes during the period, say a month next preceding the Greenleaf fire? A. He might have omitted once or twice in the course of a month to wet them. Q. You say he might have omitted once or twice; do you know whether he did or not?" Objected to as incompetent, irrelevant, and immaterial, and objection sustained. There were other similar questions, objections, and rulings. We think the action of the court excluding this evidence was error.

The evidence sought to be elicited was not offered to prove an omission to wet down the ashes on the night of the fire, by showing that such omission had occurred on previous occasions, but to rebut the janitor's statement that it was his invariable custom to pour water on them before de-

positing them in the container. He had given his "habit" in this matter as a reason for his certainty that the ashes were wet down on the night in question. Every instance of the failure of that habit to work would weaken by that much the ground of the witness' certainty as to the night of the fire. If there is any doubt as to the admissability of this evidence, it arises on the objection that no foundation for its introduction was shown. The janitor, Williams, who had testified that he was satisfied that he had poured water on the ashes the evening preceding the fire because it was his invariable custom—that he did it every night—was plaintiff's witness. [3] The attempt to show by the witness Walters that sometimes the janitor neglected to put water on the hot ashes before emptying them in the container was in contradiction of plaintiff's own witness. It is contended that while section 2049 of the Code of Civil Procedure permits a party calling a witness to contradict him by other evidence, or by showing that he had made at other times statements inconsistent with his present testimony, this cannot be done until it has been made to appear that the party calling the witness has been taken by surprise by the testimony he seeks to contradict or discredit. That surprise must be shown as a foundation for introducing evidence of contradictory statements of a witness is the general rule, and it is so held in construing section 2049 of the Code of Civil Procedure in *People* v. *Johnson,* 131 Cal. 511, [63 Pac. 842], *People* v. *Creeks,* 141 Cal. 529, [75 Pac. 101], and *Zipperlen* v. *Southern Pacific Co.,* 7 Cal. App. 206, [93 Pac. 1049]. But in the numerous cases holding under the common law that one may contradict his own witness by other testimony showing the facts to be different from those stated by the witness, we have failed to find one which suggests that such contradiction can only be made where surprise at the adverse testimony is shown. Greenleaf on Evidence, while recognizing the rule that surprise must be shown as a condition of introducing contradictory statements of the witness, says (section 443), with regard to contradicting one's own witness: "It is exceedingly clear that the party calling a witness is not precluded from proving the truth of any particular fact by any other competent testimony, in direct contradiction to what such witness may have testified, and this not only

where it appears that the witness was innocently mistaken, but even when the evidence may collaterally have the effect of showing that he was generally unworthy of belief." The same rule is stated in substantially the same way in 40 Cyc. 2766, with a multitude of citations from the federal courts and the courts of upward of thirty states. The above quotation from Greenleaf on Evidence is cited and approved in *Norwood* v. *Kenfield,* 30 Cal. 394. Commenting upon this precise point, the supreme court of Maine, in *Brown* v. *Osgood,* 25 Me. 505, says: "But as to the matter of surprise it is believed to be referable, legitimately, only to the question whether, when a party has produced a witness who testifies adversely, he shall be allowed to show that the witness had on a former occasion made a different statement."

We believe that the excluded testimony was admissible under section 2049 of the Code of Civil Procedure. But in any event, the palpably erroneous and misleading instructions justify the granting of a new trial.

The judgment is reversed.

Finlayson, P. J., and Thomas, J., concurred.