[Civ. No. 4374.   First Appellate District, Division Two.—December 28, 1922.]

## CHERUBINO VALENTINI, Respondent, v. LEANDER GOBBI, Appellant.

[1] APPEAL—CONFLICT OF EVIDENCE.—Conflicts in the evidence are for the determination of the jury or the trial court sitting without a jury, and an appellate court is without power to disturb such determination except where there is no testimony in the record to support it.

[2] ID.—CROP PRODUCED ON LEASED PREMISES—REVIEW OF ALLOWANCE FOR SERVICES AND EXPENSES—INSUFFICIENCY OF RECORD.—Where, in an action by a lessor to recover a portion of the proceeds of a crop produced on the demised premises, the complaint was in the form of a common count for money had and received and the verdict was general in form, the claim that the amounts allowed for services in managing the property and for expenses incurred by defendant were too small cannot be passed upon on appeal by reason of the insufficiency of the record.

[3] NEW TRIAL—EXCESSIVE DAMAGES—AFFIDAVITS OF JURORS.—On a motion for a new trial on the ground of excessive damages, affidavits of the jurors showing how they arrived at their verdict are not entitled to consideration.

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Weldon & Wessels for Appellant.

Hale McCowen, Jr., for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a judgment in the sum of $3,000 as for moneys had and received.   The jury returned a general verdict in favor of the plaintiff for $1,056.   The defendant made a motion for a new trial; his motion was denied, and the defendant has appealed under section 953a of the Code of Civil Procedure.

Prior to the year 1918 the plaintiff obtained from the defendant a lease on certain farming lands.   That lease expired by virtue of its own terms.   The plaintiff continued

on the premises, holding over from year to year under the lease. This was the plaintiff's status on April 15, 1918, when a meeting was held in the office of his attorney. At that meeting there were present besides the attorney, Mr. Iversen, the plaintiff and the defendant. On the conversations held by those three persons at that time the case largely turned. The plaintiff and Mr. Iversen were both called to the stand as witnesses. Mr. Iversen testified that the plaintiff had come to him for advice, and that thereupon Mr. Iversen sent for Mr. Gobbi, and, pursuant to such request, Mr. Gobbi called. He also testified that the two principals engaged in many disputes on several different subjects. Defendant stated that it was getting late in the season; that the ground was becoming dry, and that it was urgently necessary that the lands occupied by the plaintiff should be ploughed at once. It was his claim that many teams should be put on and that the work should be done in one day. On the other hand, the plaintiff contended that he had ample time to do his work. The witness then continued: "I was acting in the nature of mediator and tried to get them together. I saw that they could not get together and I made the propositions that Gobbi pay Valentini for the work and cancel the lease. Gobbi refused to do it. He said he was afraid of cold weather at the time this settlement was going on. He said he was afraid there will be a frost and if he had to pay for his work and there comes a frost and kills the grapes he will lose it all. I then made the proposition myself to Mr. Gobbi that Gobbi should oversee the ranch and we could divide the proceeds according to the original terms of the lease, and pay Mr. Gobbi for his work. Mr. Gobbi said it was absolutely agreeable to him and that he would do that." The plaintiff, while on the stand as a witness, testified to the same effect. The defendant, being called to the stand as a witness, denied that the conversation was as delineated by Mr. Iversen or by the plaintiff, and continuing he stated that on the day before April 14th the plaintiff had stated that he would no longer go forward with the terms of the lease and that he was through with it. These two conflicting theories were addressed to the jury and it rested with that body to determine which theory had been sustained by a preponderance of the testimony. **[1]** Notwithstanding that the

writer of this opinion might be inclined to accept the theory testified to by Mr. Gobbi, an appellate court must always bear in mind that conflicts in the evidence are for the determination of the jury or the trial court sitting without a jury, and that an appellate court has no power to disturb the determination of the jury except where there is no testimony in the record supporting the verdict.

After the conversation had in Mr. Iversen's office the plaintiff left Ukiah to enlist in the army. Mr. Gobbi proceeded to farm the land covered by the lease, produced a crop, sold it for $5,933.28, and at the time of the trial testified fully as to the amount of his receipts and the amount of his expenditures.

[2] In his brief the appellant claims that the amounts allowed in the account for services rendered by him in managing the property and for expenses incurred by him were too small. We cannot pass on any of these matters, as the record is insufficient. The complaint was a common count for money had and received in the sum of $3,000. The jury was not asked to bring in any special verdicts, but it was allowed to bring in a verdict general in form, "We the jury find for the plaintiff in the sum of $1056." This court cannot tell by the record whether the jury in making up its verdict allowed the defendant a dollar a day or $250 per month. There was evidence both ways. This court cannot tell whether the jury allowed the defendant all of the expenditures which he claimed he had made, or, if it disallowed some of the items, which ones were disallowed. In this same connection the appellant contends that the item referred to by the witnesses as a lot of "sour wine" was not an issue. The complaint, as we noted above, does not show on its face whether it was or was not. The evidence shows that the plaintiff's claim in this behalf amounted to $268.26; the appellant claims to have tendered in writing $335.95 in payment of that item and that the defendant, therefore, should not have been taxed with costs. The answer of the appellant contained no allegations of a tender, and the record does not show that the appellant did, after making the tender, do anything in the nature of making a deposit for the purpose of keeping his tender good. (Code Civ. Proc., sec. 1030; Civ. Code, sec. 1500.) Moreover, the record shows that when the tender was made the plaintiff refused

to accept it unless he was paid also for his share of the crop of 1918. As the appellant was at all times disputing the right of the plaintiff to share in the proceeds of the crop of 1918, it is patent that his tender was in effect a conditional tender, that is, that it should be accepted as payment in full of accounts. If it be viewed in that light, then it is equally clear, considering it in connection with the verdict, that the amount of the tender was too small.

[3] The defendant in his notice of intention to move for a new trial alleged, among other things, that the damage was excessive. He stated that his motion would be supported by affidavits, and, as we understand the record, thereafter he prepared, served and filed, and later attempted to use, the affidavits of the individuals who had acted as jurors, showing how they had arrived at their verdict. The trial court refused to consider such affidavits, and such refusal was clearly correct. (Code Civ. Proc., sec. 657; *Fredericks* v. *Judah,* 73 Cal. 604, 607 [15 Pac. 305]; *People* v. *Azoff,* 105 Cal. 632, 634 [39 Pac. 59].) If the defendant had desired that the jury by its verdict should specify each item of the account allowed, and each item disallowed, then, and in that event, the defendant should have adopted at an earlier stage of the proceeding a different practice. (Code Civ. Proc., sec. 624.)

When the plaintiff was introducing his case, among other witnesses he called the defendant to the stand. At this time the defendant contends that the plaintiff should be bound by the testimony so given by the defendant and that the plaintiff is estopped from claiming under any other evidence produced on the matters testified to by the defendant. In this behalf the defendant cites and relies on 1 Greenleaf on Evidence, section 442. An examination will disclose that the citation is not in point. However, section 443b in the same book does state the rule applicable to the facts. (See, also, *Norwood* v. *Kenfield,* 30 Cal. 393, 398, 399; *Callahan* v. *Danziger,* 32 Cal. App. 405, 408 [163 Pac. 65]; *Greenleaf* v. *Pacific Tel. & Tel. Co.,* 43 Cal. App. 691, 695, 696 [185 Pac. 872].) There was no estoppel.

We have found no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 25, 1923, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1923.

All the Justices present concurred.