[Civ. No. 4669. Second Appellate District, Division Two.—May 23, 1927.]

CHARLES D. FOWLER et al., Appellants, v. CARMEL CATTLE COMPANY (a Corporation), Respondent.

[1] APPEAL—TRIAL BY COURT WITHOUT JURY—JUDGMENTS.—Where the cause is tried by the court, without a jury, all intendments on appeal must be resolved in favor of the judgment.

[2] ID.—CONFLICT OF EVIDENCE—SUPPORT OF JUDGMENT.—Where the cause is tried by the court, without a jury, conflicts in the evidence are for the determination of the trial court, and appellate courts have no power to disturb its determination except where there is no substantial testimony in the record to support the judgment.

[3] WATERS AND WATER RIGHTS — ACTION BY LESSEES TO RECOVER DAMAGES FOR LESSOR'S FAILURE TO SUPPLY WATER FOR IRRIGATION —SUFFICIENCY OF WATER SUPPLY—EVIDENCE—FINDINGS.—In this action by the lessees of farm land to recover damages for the lessor's failure to supply water for irrigation, the evidence was sufficient to support the finding that there was a complete failure of the water supply, through no fault of defendant, and that no promises or representations had been made that a sufficient amount of water would be furnished.

1. See 2 R. C. L. 222.
2. See 2 Cal. Jur. 881, 921; 2 R. C. L. 204.

[4] ID.—REPRESENTATIONS AS TO WATER SUPPLY—CONFLICTING EVI-
DENCE—FINDINGS.—In such action, the argument that defendant
was estopped to deny the truth of promises and representations
that a sufficient amount of water would be furnished was inappli-
cable, where the trial court found on conflicting testimony that
such promises and representations were not made.

(1, 2) 4 C. J., p. 786, n. 31, p. 883, n. 33.   (3) 40 Cyc., p. 764,
n. 1.   (4) 21 C. J., p. 1120, n. 14.

APPEAL from a judgment of the Superior Court of
Kern County.   T. N. Harvey, Judge.   Affirmed.

The facts are stated in the opinion of the court.

James H. Farraher and Moore & Farraher for Appellants.

Goodwin & Morgrage for Respondent.

CRAIG, J.—On or about October 31, 1918, the defendant
corporation executed a five-year lease to the plaintiff and
appellant Charles D. Fowler of certain farm lands in Kern
County, all of which the latter agreed to plant to wheat,
milo maize, beans, rice, or other crops, and to keep the same
sufficiently irrigated whenever water should be available
therefor.   It was also provided in said lease that, "whereas,
the land described in this lease is entitled to water for
irrigation from the canal system of the Buena Vista Lake
Association, and through canals and ditches heretofore con-
structed to and across said land and owned and controlled by
Miller & Lux (a corporation) and Carmel Cattle Company
(a corporation), now therefore it is a condition of this lease
that said lessee is to receive the water for irrigation of the
land described in this lease, to which said land is entitled,
without cost to said lessee, other than the upkeep of the
canal and ditch system on said land."   It was alleged in
the complaint that the plaintiff Fowler, with the defendant's
consent, assigned a one-half interest in the lease to plaintiff
Arant, and that the plaintiffs thereafter planted about
210 acres of said lands to rice; that prior to and at the time
of signing the lease the defendant represented to the plain-
tiffs that it would "see that there was made and kept
available when reasonably needed under said lease, sufficient

water from said source of supply and through said system to properly irrigate said leased lands''; that the defendant was entitled to 9.94 per cent of the water in said canal system, and could have supplied a sufficient amount to irrigate the crop, but that it failed and refused to do so, and the crop was a failure, to the plaintiffs' damage in the sum of $35,364.

Respondent answered, denying that it had at any time made any statements or representations with respect to a supply of water, or that it promised to furnish a sufficient or any amount of water, and alleged that the failure of the rice crop was due to the carelessness and negligence of the plaintiffs.

The case was tried by the court, without a jury, and judgment was rendered for the defendant, with costs, from which judgment the plaintiffs appealed.

Appellants first contend that the evidence was insufficient to warrant or support the findings and judgment, and argue that they were induced by P. H. Clark, a representative of the defendant, to lease the lands in controversy solely by statements and promises alleged in the complaint; and that the defendant was estopped to deny the truthfulness of such statements.

The plaintiffs introduced evidence tending to prove that Clark had at various times assured them that there was plenty of water, and that he would see that they were furnished a sufficient amount. However, Clark and four other witnesses testified on behalf of the defendant that the latter did not at any time promise to furnish or represent that there would be sufficient water, nor suggest that the plaintiffs plant rice or any particular crop; but that the plaintiffs, and especially Fowler, stated that they were sure to get enough water to make a crop of milo maize, and that if there should be a doubt as to their ability to irrigate a rice crop they would let that wait another year; that Fowler was informed that plaintiffs would receive their share; that while the water had theretofore been ample for the lands of the defendant, the sources of its supply in 1919 were practically dry, and rendered it impossible to convey any water to plaintiffs' crop; Clark testified that from the outlet canal to the leased premises it was about thirty miles, the ditches were very dry, and any small amount of water

that might enter the canals would not flow that distance. The witness Tazoli testified that 40 or 50 acres of the rice crop was at first fairly good, but that the rest was poor, and that he did not think the crop would have matured if there had been sufficient water to irrigate it. It appeared that the defendant's leased lands were entitled to but 9.94 per cent of the water at its source, and that although with dredging Miller & Lux did succeed in obtaining a small amount of water, by pumping, yet about ten per cent of such available supply would have been of no consequence to dry lands thirty miles distant; one witness testified that "the water was lower in the lake than I had ever seen it; it receded, I should think, more than two miles from the outlet canal." Appellants sought to show that had defendant also resorted to dredging and pumping the drought might have been averted, but Clark testified that Miller & Lux had entire charge of the physical management of the water coming to and owned by the Buena Vista Association. As we have seen, their efforts in this respect were fruitless.

[1, 2] All intendments must be resolved in favor of the judgment, and conflicts in the evidence are for the determination of the trial court. Appellate courts have no power to disturb its determination except where there is no substantial testimony in the record to support the judgment. (*Valentini* v. *Gobbi*, 60 Cal. App. 289 [212 Pac. 718]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42].) [3] We have here a sharp conflict in the evidence offered by the parties to this controversy, and upon the record before us we think the trial court may well have concluded that there was a complete failure of the water supply, through no fault of the defendant, and that no promises or representations had been made that a sufficient amount of water would be furnished.

[4] The argument that, having made such promises and representations, the defendant was estopped to deny their truth, is inapplicable, because it assumes that they were in fact made. As we have seen, the trial court upon conflicting testimony found to the contrary. There was an abundance of evidence adduced which strongly tended to show that the plaintiffs had no cause of action for damages against their lessor, and the trial court having accepted it as true, we would not be justified in holding, upon the record presented, that it erred in so doing.

Certain rulings upon the evidence are also challenged, but from the views herein expressed, after carefully reviewing the whole case, we think they were not improper.

The judgment is affirmed.

Works, P. J., and Johnson, J., *pro tem.*, concurred.