[Civ. No. 5860. First Appellate District, Division Two.—January 25, 1928.]

JOSEPH MILLER, Respondent, v. JOHN MURPHY, Appellant.

Cyril Appel and Ivores R. Dains for Appellant.

Vincent W. Hallinan for Respondent.

BURROUGHS, P. J., *pro tem.*—This is an appeal by the defendant John Murphy from a judgment in favor of the plaintiff in the sum of $600. The complaint sets out two causes of action; the first count alleges an express contract to pay the sum of $500, the second alleges the reasonable

value of services rendered in the same amount. The cause was tried by a jury. Upon the conclusion of the testimony for plaintiff the court granted a nonsuit as to the defendant Nora Murphy upon both counts of the complaint, and also granted a nonsuit as to the defendant John Murphy upon the second count. The trial thereupon proceeded against the last-named defendant upon the first cause of action, and judgment thereon was rendered as above stated.

Appellant's first claim of prejudicial error is based upon alleged misconduct on the part of counsel for plaintiff. In his opening statement to the jury counsel used the following language: " . . . and Mr. Murphy still withheld paying Mr. Miller, and we filed suit for it, and Mr. Murphy, through his attorney, demanded a jury trial, which we waived, and that is why we are here today." The attention of the trial court was not called to this statement, nor was it assigned as error, nor any request made to instruct the jury to disregard it. Therefore, even though prejudicial, reversible error cannot be predicated thereon. (*People* v. *Babcock,* 160 Cal. 537 [117 Pac. 549].)

During his argument to the jury counsel for respondent stated: "You know, one thing that strikes me all through this case is all the pitiable bluster about a little $500 case anyway. They filed suit and came in here and demanded jury trial, took up all the time of twelve people here— Mr. Appel: Just one second. I take exception to that remark and assign the making of it as misconduct, and ask the court to instruct the jury to disregard it. Mr. Hallinan: I think— The Court: That is a constitutional right, that any litigant may have a jury in a case of this character, and I don't believe you can criticize it without criticizing the Constitution. Therefore, the court will have to prohibit you from taking up that proposition." Again, conceding this statement constituted error, while the court did not in express language instruct the jury to disregard it, the jury could not have otherwise understood the language of the court. (*Matts* v. *Borba,* 4 Cal. Unrep. 691 [37 Pac. 159].)

At another point in his argument the following colloquy took place: "Mr. Hallinan: There isn't any question at all Mr. Murphy got a building through Mr. Miller's esti-

mate, that he paid $18,000 for and sold for approximately $27,000? Mr. Appel: I make an assignment of misconduct in reference to that matter and ask the court to instruct the jury to disregard it. The Court: No evidence as to the amount. Mr. Hallinan: Let me say this: We asked Mr. Murphy if he got $27,500 for his building and he said no,— refused to answer what he did get. Mr. Appel: One second, if the court please— The Court: Just a minute. Under the circumstances, I will have to follow the suggestion of counsel. Ladies and gentlemen, you are instructed to disregard the last statement of counsel in determining any issue in this case. Go ahead." Under the above direction of the court the jury were instructed to disregard the remark and therefore whatever prejudice may have resulted was removed. (*Lanigan* v. *Neely,* 4 Cal. App. 760 [89 Pac. 441]; *People* v. *Ho Kim You,* 24 Cal. App. 454 [141 Pac. 950]; *Tingley* v. *Times-Mirror,* 151 Cal. 1 [89 Pac. 1097].)

In its charge to the jury the court instructed them to carefully distinguish between the facts testified to by the witnesses and the statements made by the attorneys in their arguments as to what facts had been proved and if there was a variance to consider only those facts testified to by the witnesses and to remember that statements of counsel in their arguments were not evidence. The court further instructed the jury that in arriving at a verdict they must not permit themselves to be influenced in the slightest degree by sympathy, prejudice, or any emotion in favor of or against either party, but they must proceed solely upon the evidence introduced and the instructions of the court. We are therefore of the opinion that whatever error was committed was cured by the instructions of the court. (*Tingley* v. *Times-Mirror, supra.*)

It is further contended that the trial court erred in refusing to give three instructions offered by the defendant. The first instruction was to the effect that, if the defendant agreed to pay plaintiff the sum of $60 per week for his services and the plaintiff received said sum, and the jury found there was no other or further contract between the parties respecting compensation, under such circumstances the defendant was entitled to a verdict. The second

instruction was to the effect that if they found that plaintiff was an employee of defendant and if from all the evidence in the case they found that plaintiff had been compensated and paid all sums to which he, the plaintiff, was entitled for his services, the defendant was entitled to a verdict. The third and last instruction is that if plaintiff was compensated by the receipt of his weekly salary for whatever services he performed or rendered for the defendant in erecting the building, then and in that event the defendant was entitled to a verdict. These instructions are the same in substance and either one or all three might have been given by the trial court as they contained a correct statement of the law, but the court did instruct the jury that, "If you find from the evidence that the plaintiff claims to be entitled to a bonus for any services which he performed for Murphy, then I instruct he cannot recover, because the only claim is for services performed."

"If you find that said services were performed by said plaintiff at the special instance and request of said defendant, and that defendant promised and agreed to pay therefor the sum of $500.00, then your verdict should be for the plaintiff."

. While couched in different language from the foregoing offered instructions, the jury could not have understood these instructions to mean other than their plain import indicated, namely, that plaintiff could not recover judgment except upon proof of the express contract alleged in his complaint. In the case of *Cowan* v. *Abbott*, 92 Cal. 100 [28 Pac. 213], cited by appellant, the refusal of the court to give an instruction similar to the ones here offered and refused was held reversible error. It was there held the refused instruction was necessary to enable the jury to pass upon the affirmative defense alleged in the answer. In the instant case the instructions given by the court cover the issues and were sufficient to advise the jury that plaintiff could only recover upon proof of the express contract alleged in his complaint.

■ It is next assigned as error that the evidence fails to establish an express contract to pay $500. The evidence upon this question is conflicting. The plaintiff and his witness testified directly that said defendant agreed to pay

plaintiff the sum of $500 for superintending and managing the erection of the building, and the testimony shows that such services were in fact performed by plaintiff, in addition to his work as a foreman carpenter, and for which he was paid $60 per week. This contract is denied by the defendant Murphy. It also appears in the evidence that the plaintiff used the term commission and bonus as interchangeable, but it is plain from the evidence that the jury concluded the agreed sum of $500 was a commission and not a bonus. It was within the province of the jury to determine this conflict in the evidence, and having resolved it in plaintiff's favor, it will not be disturbed on appeal.

■ Appellant's motion to strike out all plaintiff's evidence was properly denied, it being relevant to the allegations of the express contract alleged in the first count of the complaint.

■ Plaintiff alleged a contract to pay the sum of $500. The jury returned a verdict in the sum of $600. In justification of the verdict, counsel for the respondent states that he called to the attention of the jury that, in addition to the sum of $500 principal, he was entitled to interest thereon, and that the additional $100 was awarded by the jury as interest on the principal sum. He cites in support of this theory *Cassacia* v. *Phoenix Ins. Co.*, 28 Cal. 628. In the last-cited case the action was upon an insurance policy for the value of goods destroyed by fire. The contract of insurance contained a clause that the loss was to be paid sixty days after due notice and proof of the same was made by the assured. The fire was alleged to have occurred, the proofs made and notice given more than sixty days prior to the commencement of the suit. These allegations were sustained by the evidence. The supreme court held that under such circumstances the trial court was authorized to allow interest on the amount found due. In the case at bar there is neither pleading nor proof to sustain the claim of interest, and the verdict of the jury is therefore excessive in the sum of $100.

The judgment is therefore modified by striking therefrom the sum of $600 and the trial court is directed to enter judgment in favor of the plaintiff and against the defendant,

John Murphy, in the sum of $500; as thus modified the judgment will stand affirmed. Appellant to recover his costs on appeal.

Sturtevant, J., and Nourse, J., concurred.