[Civ. No. 6956. First Appellate District, Division Two.—August 6, 1929.]

ADELE MURPHY et al., Respondents, v. WALTER ZWIEG, Appellant.

J. Hampton Hoge for Appellant.

James F. Brennan for Respondents.

NOURSE, J.—Plaintiffs sued to recover damages for the death of William Murphy, the husband and father of plaintiffs, resulting from an automobile collision. The cause was tried before a jury, which returned a verdict for defendant. Plaintiffs' motion for a new trial was granted and the defendant appeals from that order upon a typewritten record.

Though the motion for a new trial was made upon all legal grounds the order granting it made no reference to insufficiency of the evidence to support the verdict and we must, therefore, assume that the trial court found the evidence sufficient. (See sec. 657, Code Civ. Proc.) It is apparent from the record that the only ground upon which the motion was granted was the asserted misconduct of the attorney for defendant during his argument to the jury and to determine whether this was sufficient to sustain the order, it will be necessary to refer but briefly to the facts of the case.

The collision occurred at about 4.30 P. M. of the sixth day of April, 1926, at the intersection of Cabrillo Street and the Park-Presidio Drive, in San Francisco. Murphy was proceeding west on Cabrillo Street, driving a Ford coupe; the defendant was proceeding north on the drive, operating an Oldsmobile. Another car passed the intersection immediately ahead of Murphy also going west, and traveling at a high rate of speed. Murphy was following this car on its right and was also traveling beyond the legal rate of speed. The defendant had first approached the intersection and was crossing at a legal rate, slowing up to let the first car pass him. When he was in the middle of the intersection "at the button" he saw Murphy's car coming on at about thirty miles per hour and the defendant turned his car sharply to the left to avoid the collision. Murphy continued without slacking his speed or swerving from a direct course and hit the right front fender of defendant's car with such force that the Murphy car turned over twice, causing injuries to him which resulted in his death. As evidence of the reckless speed at which the Murphy car was driven at the time it was shown that his car, after turning over twice, was brought to a standstill on the extreme northwestern sidewalk of the intersection, badly wrecked, while the defendant's car was stopped at the point of impact with no damage other than a slight dent in the right front fender. The foregoing evidence, upon which the defendant relied to negative the charge of negligence on his part and to prove his defense of contributory negligence on the part of Murphy, was contradicted in some particulars by evidence introduced by the plaintiffs, but, from the jury's verdict and the order of the trial judge, we must assume that these are the facts which were proved.

The asserted error lies in the statement of counsel for the defendant in his argument to the jury referring to the fact that Mrs. Murphy had already received five thousand dollars from the Royal Indemnity Company by way of compensation under the Workmen's Compensation Act, and that the real party in interest in this case was the insurance company, which was prosecuting the case to recover the indemnity it had paid her. Assuming that the statement was improper, the single question before us on this appeal is whether it justifies the order granting a new trial.

The appellant advances several reasons why the order cannot be sustained. No objection was taken at the time of the statement to the jury and no assignment of error or request that the jury be instructed to disregard it was made; it was based upon evidence which was received without objection and a portion of which was brought out by questions put by plaintiffs' counsel; and it related to an issue which the plaintiffs raised and upon which the trial judge, at the instance of the plaintiffs, instructed the jury.

■ The rule is uniform that the failure of counsel to assign as misconduct an improper statement made to the jury by his adversary is deemed a waiver and forecloses the question on appeal. The appellant cites *Grossetti* v. *Sweasey,* 176 Cal. 793, 800 [169 Pac. 687]; *Scott* v. *Times-Mirror Co.,* 181 Cal. 345, 368 [12 A. L. R. 1007, 184 Pac. 672]; *Mohn* v. *Tingley,* 191 Cal. 470, 490 [217 Pac. 733]; *Miller* v. *Murphy,* 88 Cal. App. 601 [263 Pac. 1031], to the general rule. Many more could be cited to the same effect. We find no California cases holding that the same rule applies on motions for a new trial, but the great weight of authority from other jurisdictions is all that way. (See *Birmingham Ry. Co.* v. *Gonzalez,* 183 Ala. 273 [Ann. Cas. 1916A, 543, and annotation on page 555, 61 South. 80].) Upon our review of these authorities we would hold that the same rule applies on a motion for new trial, and particularly because of the provisions of section 4½ of article VI of our Constitution, which emphasizes the necessity of showing prejudicial error upon a motion for new trial as well as on appeal. If no assignment of error was made and no request for an instruction, how could the trial court say that an error of law occurred which was prejudicial? The Idaho court stated the principle in *Hart* v. *Monumental Merc. M. Co.,* 35 Idaho, 295, 302 [206 Pac. 184, 186]: "Counsel cannot sit quietly by, knowing that error has been committed, and await the verdict of the jury, and then upon motion for new trial urge such error as a ground for new trial."

■ There is a well-accepted qualification of this general rule in cases where the misconduct of counsel is of such a prejudicial nature, or is so persistent, that an instruction covering it will be deemed insufficient to cure the error (*People* v. *George,* 72 Cal. App. 124, 130 [236 Pac. 934], and cases cited), but this is not the case here. ■ The

matter of payments of compensation by the insurance company was all in the record through evidence offered and received without objection. Conceding that this evidence was inadmissible and should have been excluded if an objection had been made, the record discloses that plaintiffs were responsible for it and actually made an issue of it. Thus we have a case where they not only failed to object to the alleged misconduct, but actually invited it.

The order is reversed, with instructions to the trial court to enter judgment in favor of defendant on the verdict.

Sturtevant, J., and Koford, P. J., concurred.