[Civ. No. 7943. First Appellate District, Division One.—May 7, 1932.]

SILVIO BARTOLINI, Appellant, v. E. ANDRIOLI et al., Respondents.

William M. Malone and Conrad T. Hubner for Appellant.

Edmund Scott for Respondents.

ROBINSON, J., *pro tem.*—This is an appeal from the judgment following verdict for defendants in an action for damages growing out of a collision between two vehicles on a public highway in San Mateo County. The evidence as to negligence and contributory negligence is conflicting, but both issues went to the jury under proper instructions defining same.

■ Appellant claims that the court erred in making certain remarks in the examination of the witness Roy Elvin, but addressed to examining counsel in the face of interruption by opposing counsel, as follows: "The trouble is that the witness is hardly positive about anything, it seems to me. Why does not he answer a question directly, and then we will have no trouble. I think you had better get through as soon as you can."

It appears from the transcript, page 33, lines 9 to 13, that the following occurred during the examination of the witness Elvin: "Q. And that (the accident) was on December 6, of 1929? A. *I believe* that is when it was. Q. Around the hour of five thirty, was it not. A. No, *I guess* when I saw him it was around ten after five, quarter after five." And on page 34, line 5, as follows: "Q. Now, after

you got to the northerly limit of the race track, the highway dips down a little, does it not, there is an incline? A. *I believe* there is a slight incline.'' And on page 34, lines 20 to 26: ''Q. And where was it when you first saw it? A. *I believe* it was about—it came into view about 10 feet in front of me. Q. That was the first time that you saw it? A. It was. Q. And at that time was the Fageol truck standing still or was it moving? A. Well, *I cannot say* whether it was absolutely stopped, but if it was moving at all it was going very slowly.'' From page 35, lines 2 to 5, we quote: ''Q. Did you observe whether or not the lights were on the truck immediately after the accident? A. *I cannot say for sure* that they were not, but I know, as a matter of fact, that I did not notice any lights.'' And on page 35, lines 24 to 26: ''Q. And did you observe as to whether or not he applied the brakes of the truck? A. Well, there was a little commotion at the time, and *I cannot say that he did, or I cannot say that he did not.*'' And again, referring to the direction in which he was looking, the answer is ''Straight ahead, *I believe.*'' (Emphasis ours.) Then follow in the transcript several like ''hardly positive'' answers, all of which the jury must have noticed, and the remark of the court was only in line with what was apparent to all. It does not, we think, go to the *weight* to be given by the jury to the testimony of the witness.

Furthermore, the court instructed the jury that ''any action the court may have taken in ruling upon the admission of evidence or the conduct of the trial you will not take as an expression of an opinion by the court for one side of this case or the other side of the case. . . . You are the sole and exclusive judges of the value and effect of the evidence.'' No objection was made to the remark of the court at the time or afterward during the trial; nor was the court's attention directed thereto, nor any request made to the court to admonish the jury to disregard the remarks of the court. This counsel should have done, and not having done so, any apparent error was waived.

''Counsel cannot sit quietly by, knowing that error has been committed, and await the verdict of the jury, and then upon motion for a new trial urge such error as a ground for new trial.'' (*Hurt* v. *Monumental Mercury Min. Co.,* 35

Idaho, 295, 302 [206 Pac. 184, 186], cited in *Murphy* v. *Zwieg*, 100 Cal. App. 266, 269 [279 Pac. 1062, 1064].) And the latter case holds the same rule on motion for a new trial ''as well as on appeal''. ''If no assignment of error was made and no request for an instruction, how could the trial court say that an error of law occurred which was prejudicial?'' We see no reason why this rule should not apply to the remarks of the court as well as those of counsel.

■ After stating some of the issues the court instructed the jury as follows: ''But there is another feature in this case which I will state to you now because you are the ones who have got to decide whether the plaintiff is entitled to damages, and, if so, how much. The plaintiff's case rests upon this one point and no other: Was this automobile, Fageol automobile of the defendants parked in this highway at Tanforan track? Now, you all understand what it means when the counsel states in his complaint and in his argument now that this automobile was parked in this highway at Tanforan park. In order to recover damages the plaintiff will have to show you, *beyond any question of doubt,* that this Fageol automobile was parked in the highway near Tanforan park. If you find from the evidence that the Fageol automobile was not parked there, then of course the plaintiff will not claim, I believe, that he has any case because he rests his case upon that point, and in order to render a verdict for the plaintiff you have got to find that this automobile, Fageol automobile, was parked there at the time and place, and if you find it was not parked there at that time and place, why, then of course it will be unnecessary for you to consider the matter any further because the plaintiff claims damages only for that one reason, that this car was parked there and he ran into it there parked.'' (Emphasis ours.)

It is claimed that this instruction was error. This related to the parked car and to nothing else. While standing alone it possibly was error (which respondents conceded). Yet it now becomes necessary to determine whether it was misleading or conflicting.

In *Galloway* v. *United Railroads,* 51 Cal. App. 575, 581 [197 Pac. 663, 666], where an instruction was given, ''Before you can render a verdict against the defendant *the*

*evidence must satisfy your minds to a moral certainty and by a preponderance of the whole evidence,"* and another instruction, "If, therefore, the evidence upon this point is equally balanced or if it *does not satisfy your minds to a moral certainty and by a preponderance,* . . . your verdict must be in favor of the defendant," the court said: "To instruct the jury, therefore, that the evidence must satisfy their minds to a moral certainty and by a preponderance was error, as it clearly required satisfaction beyond a reasonable doubt, which is not necessary in a case of this nature." (Citing cases.)

In *Greenleaf* v. *Pacific Tel. & Tel. Co.,* 43 Cal. App. 691 [185 Pac. 872], the trial court instructed: "Before you can find a verdict for the plaintiff the evidence must satisfy you that the fire was caused by the acts of the agent or employee of the defendant in placing hot ashes containing fire near or against plaintiff's warehouse; and if the preponderance of the evidence fails to satisfy you that the fire was so caused, *or leaves in your mind any doubt, confusion or uncertainty as to the origin of the fire, your verdict should be for the defendant."* The court says: "To what avail are the instructions as to the sufficiency of a preponderance of the evidence to support a verdict, and as to its efficacy if it produces unprejudiced conviction in their minds, when followed by the explicit direction that the degree of certainty indicated must not only be beyond a reasonable doubt, but *must not admit of any doubt at all?* [Emphasis ours.] Even in a criminal case requiring the minds of the jurors to be satisfied beyond a reasonable doubt, this instruction would be erroneous. . . . the mere knowledge of the jurors that they might be governed by a preponderance of the evidence was not enough, when they were told that the effect of such preponderance must be such as to remove *any doubt* as to the origin of the fire."

In *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 393 [264 Pac. 237, 238], the court, speaking of a formula instruction, ruled that it must contain all the elements essential to a recovery, "and the absence of any one of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law. This principle is well stated in *Beyerle* v. *Clift,* 59 Cal. App. 7, 9 [209 Pac. 1015, 1016], wherein it is held

that 'if an instruction by its terms purports to state the conditions necessary to a verdict, it must state all those conditions and must not overlook pleaded defenses on which substantial evidence has been introduced. ''It is clear that an instruction directing a verdict for the plaintiff in the event that the jury finds certain facts to be true, must embrace all the things necessary to show the legal liability of the defendant and to warrant the direction or conclusion contained therein that plaintiff is entitled to a verdict, and such is the rule in this state.'' . . . The court gave other instructions on the subject of contributory negligence, the correctness of which is not challenged. But this is not sufficient to overcome the prejudicial character of the erroneous instructions. ''It is true that other instructions were given at the request of defendant that stated the law in these respects as favorably to defendant as was warranted, if not more favorably. But the giving of these instructions simply produced a *clear conflict* [Emphasis ours] in the instructions given the jury by the court, and it is impossible for us to say which instruction the jury followed in arriving at a verdict in favor of plaintiff.'' . . . ' '' (Citing many cases.)

It will be noted that the court in its instruction quoted used the following language: ''In order to recover damages the plaintiff will have to show to you, beyond any question of doubt, that this Fageol automobile was parked in the highway near Tanforan Park. . . . and in order to render a verdict for the plaintiff you have got to find that this automobile, Fageol automobile, was parked there at the time and place, and if you find it was not parked there at that time and place, why, then of course it will be unnecessary for you to consider the matter any further because the plaintiff claims damages only for that one reason, that this car was parked there and he ran into it there parked.'' That instruction eliminated from the consideration of the jury certain other matters submitted to them for their consideration, to wit, imminent danger, unavoidable accident, automobile lights, speed, careful operation when truck was being driven.

In *Murphy* v. *Waterhouse*, 113 Cal. 467, 473 [54 Am. St. Rep. 365, 45 Pac. 866], the court said: ''The court, after having told the jury that the burden of proof was upon

appellant to show that there was no value or consideration for the note, said: 'It is for him to satisfy you by such evidence as convinces your mind that no value was paid for that note.' In a civil case it is error to tell the jury that there must be evidence sufficient to *convince their minds* of any fact necessary to be shown by either party. The weight of evidence or preponderance of probability is sufficient to establish a fact in a civil case." (Reversed.) Cited with approval in *Pitt* v. *Southern Pac. Co.,* 121 Cal. App. 228 [9 Pac. (2d) 273].

In *People* v. *Miller,* 171 Cal. 649 [145 Pac. 468], an insanity case, where the rule of reasonable doubt does not apply, it was held (syl.): "In a criminal prosecution, after the court had correctly instructed the jury that the burden of establishing the defense of insanity rested on the defendant, and that the insanity may be established 'by a preponderance of evidence merely', it was erroneous to further define that phrase as meaning 'that degree of evidence which proves to a moral certainty, or, in other words, that degree of proof that produces conviction in an unprejudiced mind, regardless of the number of witnesses from whom it proceeds'. The definition so given was substantially the same as that of *'proof beyond a reasonable doubt',* and the instruction in effect erroneously told the jury that it was incumbent on the defendant to establish insanity beyond a reasonable doubt." (Emphasis ours.) The case was reversed, and not aided by section 4½, article VI, of the Constitution. (Cited in *Estate of Ross,* 179 Cal. 629, 633 [178 Pac. 510]. See, also, *Barrett* v. *Southern Pac. Co.,* 207 Cal. 154 [277 Pac. 481].) To the same effect is *Rush* v. *Lagomarsino,* 196 Cal. 308, 319 [237 Pac. 1066] (reversed).

Furthermore, the court may have left it—and it is capable of that interpretation—to the judgment of the jury as to whether they would apply the claimed erroneous instruction *"beyond any question of doubt"* or the many instructions on the question of the weight and preponderance of the evidence.

Though we find this instruction given—"They (referring to counsel) have worked assiduously and presented many instructions and I shall give you most of them, and you will take them as the instructions of the court. Some of

them I have refused, but I have *given* you the instructions because they have handed them to me and *most of them are pertinent* to the case. But, as I have before suggested, it is for you to determine whether that automobile was parked there in the highway at that time" [emphasis ours]—it must have related back to the last claimed erroneous instruction referred to, and left it to the jury to say *which* were pertinent and which were not. The *law* is for the court; the facts for the jury, to which they must apply the law. They may not speculate and determine which instructions are "pertinent".

In *Turner* v. *Turner*, 187 Cal. 632, 635 [203 Pac. 109], it was held that a finding that all the "material" allegations are true will not support a judgment; insufficient for any purpose; uncertain; and "no one can know what averments were deemed material". This rule we think would apply with greater force if it were left to the jury to determine the "materiality" or the "pertinency" of one or more of them. That should not be left to the jury. Admitting that the court in other instructions correctly defined "preponderance" of the evidence, yet it cannot be determined which instructions were followed, and is reversible error. (*Alcamisi* v. *Market St. Ry. Co.*, 67 Cal. App. 710, 714, 715 [228 Pac. 410].)

Taking the instructions by their four corners and after viewing the evidence, we are unable to say that the jury was not misled by the erroneous instruction, and section 4½, article VI, of the Constitution is not controlling.

We are satisfied the judgment must be reversed. Therefore, it is not necessary to notice any other of the claimed errors; and if any, they will undoubtedly be corrected on a new trial.

The judgment appealed from is reversed and a new trial ordered.

Knight, Acting P. J., and Cashin, J., concurred.