[Civ. No. 1028. Fourth Appellate District.—July 25, 1933.]

E. A. LINCOLN, Respondent, v. E. H. QUICK, Appellant.

434

Harrison G. Sloane and Fred A. Steiner for Appellant.

Hillyer & Boldman for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in favor of the plaintiff for damages arising from an automobile accident which occurred on July 13, 1931, while the plaintiff was riding as the guest of the defendant. At that time, section 141¾ of the California Vehicle Act required the plaintiff in such a case to establish intoxication, wilful misconduct or gross negligence on the part of the defendant in order to recover, and the respondent contends that gross negligence was here established.

The appellant did not appear at the trial and the only evidence as to how the accident occurred is found in the testimony of the respondent. He testified that they were riding along a paved highway on a clear dry day between 4 and 5 o'clock in the afternoon; that "we were driving so fast that I know I was very uneasy"; that he told the appellant not to go so fast; that he had been in automobile wrecks before and "most any speed" would make him feel uneasy; that if a car was going above fifteen miles an hour he would rather not be in it; that the appellant did not slow up as the result of his remonstrance; that he did not know how fast the appellant was driving at the time of the accident; that he was unable to estimate how fast the car was going; that he did not know how the accident happened; that just prior to the accident he saw no other cars and heard no impact; and that as they were riding along he felt a sudden shock, became unconscious and when he regained consciousness he was in a hospital. He also testified that on the next day the appellant told him "that the car left the road and turned over, and told me how badly the car was damaged".

The complaint alleges that the defendant drove and operated his automobile "at a speed in excess of fifty-five miles per hour, and so recklessly, carelessly and negligently

that said automobile left the highway and turned over approximately three times'', and that as a consequence the plaintiff sustained certain injuries. The court found that on the occasion in question, while the plaintiff was riding as a guest of the defendant, the defendant drove and operated his automobile ''at a fast rate of speed so recklessly, carelessly and negligently that said automobile left the highway and turned over''.

The direct evidence here presented was not sufficient to show negligence in the matter of speed (*Diamond* v. *Weyerhaeuser*, 178 Cal. 540 [174 Pac. 38]; *Rosander* v. *Market Street Ry. Co.*, 89 Cal. App. 710 [265 Pac. 536]) and there is no direct evidence of any other negligence. The respondent apparently concedes this and thus states his position:

''However, under our theory of the case, we believe that the speed of the car at the time of the accident has little or no bearing on the case. The fact that the appellant was driving the car at the time of the accident is the matter of importance.

''It is our contention that the doctrine of *res ipsa loquitur* applies to all cases of negligence where an automobile is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if the defendant used proper care.''

Without considering the questions presented as to the sufficiency of the complaint and the findings for a case involving gross negligence, or whether a sufficient foundation was laid with respect to the general circumstances to make the doctrine applicable, we proceed at once to what the respondent states to be the only real point to be decided, namely, is the doctrine of *res ipsa loquitur* available to a plaintiff, in the absence of any direct proof, for the purpose of establishing gross negligence? In other words, while this doctrine may be invoked to make out a *prima facie* case of negligence, is it sufficient in itself to make out a *prima facie* case of gross negligence, where such a showing is required?

The doctrine referred to has always been applied in cases where the circumstances are such as, unexplained, afford reasonable evidence of want of care on the part of a defendant and, where applicable, it creates a presumption sufficient to make out a *prima facie* case of negligence (*Michener* v.

*Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]). So far as we are informed, the doctrine has always been applied for the purpose of proving that some negligence existed and never with respect to the amount or degree of such negligence. The respondent argues that since the doctrine has been applied in cases involving carriers of persons both for reward and without reward, and since a higher degree of care is required in the one case than in the other, the doctrine applies to all degrees of negligence and may, therefore, be invoked to make out a *prima facie* case for a plaintiff regardless of what form of negligence he is required to prove. (Citing *Judson* v. *Giant Powder Co.,* 107 Cal. 549 [40 Pac. 1020, 48 Am. St. Rep. 146, 29 L. R. A. 718]; *Brown* v. *Davis,* 84 Cal. App. 180 [257 Pac. 877].) While this doctrine has been held to apply regardless of the degree of care required in a particular case, it has only been so applied in order to make out a *prima facie* case that ordinary care had not been exercised or slight negligence had been established; in other words, to show that negligence existed. It is quite different to relate the doctrine not to the degree of care required before ordinary negligence begins, but to the degree of negligence that exists, or as to how far the defendant has gone beyond the line of the care required of him.

If the respondent's contention that this doctrine may be invoked to make out a *prima facie* case of whatever degree of negligence the plaintiff is required to establish be correct, the 1929 amendment to the statute above referred to, forbidding recovery for ordinary negligence and requiring proof of exceptional negligence in guest cases, would be of no effect whatever in many cases where slight negligence, at the most, existed, since a plaintiff by the very paucity of his proof and by reliance on this doctrine could circumvent the statute and recover upon a showing no greater in quantity or in effectiveness than would have been necessary before the amendment was adopted. We think that this result cannot and does not obtain and that the amendment in question placed a burden upon a plaintiff to establish a certain degree or extent of negligence which cannot be met by a mere inference or presumption that some negligence existed.

In our opinion, the use of this doctrine for such a purpose as here urged would be inconsistent with the doctrine itself. It applies only where the plaintiff does not know what caused the accident and negligence may be presumed from the fact that an accident occurred, in view of the general circumstances. But where a plaintiff is required to prove not only negligence, but gross negligence, this very requirement would seem to imply the necessity of proving how the accident occurred and that certain facts existed which in themselves disclose the presence of gross negligence as distinguished from ordinary negligence.

For the reasons given, the judgment appealed from is reversed.

Marks, J., and Turrentine, J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 22, 1933.