[Civ. No. 8844. First Appellate District, Division Two.—May 31, 1934.]

ADDIE HARLAN, Appellant, v. ALICE E. TAYLOR, Respondent.

Elmer P. Delany for Appellant.

Kirke La Shelle, Jr., for Respondent.

STURTEVANT, J. — The plaintiff, as the surviving mother of Jessie Slone, commenced an action against the defendant to recover damages for the injury and death of her daughter while riding in an automobile owned by the defendant. The jury returned a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff has appealed.

On the eighth day of September, 1930, Jessie Slone and the defendant Alice Taylor left Oakland in a Ford coupe intending to go by Dublin Pass to Modesto. At a point between Livermore and Dublin the automobile left the highway, ran across a ditch and turned over. As a result of the accident Jessie Slone was killed. The plaintiff al-

leged that her daughter was riding as the guest of the defendant and that the defendant by gross negligence and wilful misconduct so operated the automobile that the accident occurred. The defendant in her answer denied the allegations about the operation of the automobile by her and affirmatively alleged that at the time of the accident Jessie Slone was doing the driving and that the defendant had no control over the automobile. During the trial the respective parties introduced evidence on the issues so framed.

After the jury had retired to deliberate upon its verdict the trial court took up the trial of another action. In about an hour the jury called the bailiff and directed him to notify the trial court that the jury desired additional instructions. The court sent word back that it was engaged in the trial of another case and would comply with the jury's request as soon as convenient. In a few minutes the bailiff returned, stating that the jury had reached a verdict. Soon thereafter the jury was called in. Neither the court nor counsel adverted to the request for additional instructions, but the court proceeded in the usual manner to receive and have recorded the verdict of the jury. In her first point the plaintiff calls attention to the foregoing proceedings and predicates thereon prejudicial error. We think that the point has no merit. When the jury was brought in and before it announced its verdict, if the plaintiff considered that additional instructions should be given the plaintiff should have made the point at that time. It could then have been ascertained whether the jury still desired the additional instructions or had abandoned its request therefor. In that manner the trial court could have cleared the record of any possible claim of error. Under the facts we think the irregularity, if any, was waived by both parties. (*Murphy* v. *Zwieg,* 100 Cal. App. 266 [279 Pac. 1062].) But the plaintiff says that case involved misconduct in the argument of counsel. That is true, but the principle involved in that case is the same as in this case— if error occurs, or is about to occur, in the trial of an action, he who would claim error on appeal must first call the matter to the attention of the trial court.

As stated above, the parties proceeded on conflicting theories as to who was operating the automobile at the

time of the accident. In presenting her case the plaintiff called Mr. Ferrari as one of her witnesses. On the day of the accident Mr. Ferrari was driving a truck in the opposite direction and passed the automobile in which the two young women were riding. The defendant is a brunette; Jessie Slone was a blond. After the accident Arthur Hoertel, the representative of the insurance company, accompanied by Mr. Rosher, called at the residence of Mr. Ferrari and propounded many questions to him and wrote down his answers. The writing was then read to him and, furthermore, he read it himself. However, he did not sign the document. At the time of the trial Mr. Ferrari was called as a witness. He testified that when he passed the Ford coupe he did not notice the color of the hair of the girl who was driving, but it was light hair. The color of the hair of the other girl was dark. On cross-examination the witness stated that the plaintiff called on him and at that time he said to her: "I think the blond was driving." Later during the cross-examination he stated that he had been interviewed by two men but did not know them by name. Continuing, he told about his statement being written down, etc. Thereupon the attorney for the plaintiff offered to stipulate that the writing be admitted in evidence. Without objection thereafter it was read. Among others it contains this sentence: "There were two young women in it, one was a blond and the other a brunette and I believe the blond girl was driving but I am not absolutely sure of this." During the cross-examination the witness was asked if either of the men who had interviewed him was in the courtroom. He walked around the courtroom and then resumed the stand and testified that he did not see either of them. ■ When the defendant was presenting her case in chief she called Mr. Hoertel to the stand. He testified that he was the one who took the written statement from Mr. Ferrari and, furthermore, that he was in the courtroom when Mr. Ferrari walked around the courtroom to see if he could recognize the individual who took down the written statement. Furthermore, he testified as to the appearance of Mr. Rosher. On cross-examination he was asked by whom he was employed. To that question an objection was made and the objection was sustained. The plaintiff claims the ruling was error. We

think it was. However, we are equally of the opinion that the error was not prejudicial to the plaintiff.

The plaintiff requested and the trial court refused to give an instruction purporting to define the doctrine of *res ipsa loquitur*. As the plaintiff's case rested on gross negligence and wilful misconduct on the part of the defendant the trial court did not err in refusing to give the instruction. (*Lincoln* v. *Quick*, 133 Cal. App. 433 [24 Pac. (2d) 245]; hearing denied by Supreme Court September 22, 1933.)

The trial court gave an instruction as follows: "The mere happening of the accident upon which this action is based, raised no presumption or inference that this defendant was in any way negligent nor does the bringing of this action raise any such presumption or inference." The plaintiff contends that because this was a passenger case it was error to give that instruction. We think the point may not be sustained. The instruction does not purport to deal with the doctrine of *res ipso loquitur;* furthermore it has been approved many times.

We find no prejudicial error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.