[Civ. No. 9444.   First Appellate District, Division One.—May 22, 1935.]

ADOLPH SCHULTZ, Respondent, v. C. SUSSMAN, Appellant.

Joseph E. Bien and Werner Olds for Appellant.

Vincent W. Hallinan and James J. Roach for Respondent.

THE COURT.—This appeal is from a judgment entered on a verdict in favor of plaintiff in an action for damages for an alleged malicious assault by defendant upon plaintiff. The verdict and judgment was for the sum of $11,000. Defendant moved for a new trial, which was denied on condition that plaintiff deduct from the verdict $6,000. Plaintiff filed his consent to such reduction.

Appellant contends that the court erred in denying his motion for a new trial, and also that the court erred in refusing to permit defendant to cross-examine plaintiff regarding other damage suits plaintiff might have pending against other persons for damages of a similar character.

In support of his motion for a new trial, appellant has brought up a bill of exceptions on said motion, in which it is alleged that in denying his motion for a judgment notwithstanding · the verdict the court used the following language: "If this case had been tried by the Court without a jury, it is altogether probable, if not certain, that the finding from the facts in evidence would have been in favor of the defendant." In *Green* v. *Soule,* 145 Cal. 96, 103 [78 Pac. 337], cited by appellant, the court said: "Of course, the judge should give due respect to the verdict of the jury, and may sometimes properly deny a new trial in cases where if submitted to him without a jury he might upon the evidence have made a different decision. He must be clearly satisfied that the verdict is wrong; otherwise he should let it stand." It does not appear from the language used by the trial judge that he was clearly satisfied that the verdict was wrong.

It is the settled law that the granting or refusing of a new trial is conclusive and will not be disturbed in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion, especially where the ground of the motion is insufficiency of the evidence to justify the verdict or decision, and there is a substantial conflict in

the evidence. The granting or refusing of a new trial rests very largely within the discretion of the trial court; such discretion is very wide, and every presumption is indulged in support of the action of the court in passing upon the motion. (20 Cal. Jur. 27, and authorities cited.)

The evidence in this case was conflicting. It is true that the only testimony of the assault was that of the respondent, while upon the part of the appellant there was the testimony of two witnesses, in addition to his own, that there was no assault. It is a well settled principle that it is not the number of witnesses testifying for either party which produces conviction in the unprejudiced minds of the jurors. (*East Bay Mun. Utility Dist.* v. *Kieffer*, 99 Cal. App. 240, 255, 256 [278 Pac. 476, 279 Pac. 178].)

We cannot say that there has been a showing of such gross abuse of discretion upon the part of the trial judge as would warrant this court in holding that the denial of the motion for a new trial would justify a reversal.

The appellant next contends that the court erred in refusing to permit cross-examination of plaintiff regarding other damage suits of a similar character which plaintiff might have pending. This testimony might have been pertinent if the cross-examination had reference to injuries of a similar nature occurring just before or immediately after the date of the injury set forth in this action, namely, November 19, 1929. It appears from the bill of exceptions that defendant sought to question respondent regarding an action for damages for injuries sustained on December 25, 1931. We see no error in this refusal of the court.

Lastly, appellant contends that the court erred in refusing to grant a new trial by reason of the misconduct of plaintiff's counsel in his closing argument to the jury. The appellant made no objection to the remarks of respondent's counsel, nor asked that the court instruct the jury to disregard them. It is the uniform rule that the failure of counsel to assign as misconduct an improper statement made to the jury by his adversary is deemed a waiver and forecloses the question on appeal. (*Murphy* v. *Zwieg*, 100 Cal. App. 266, 269 [279 Pac. 1062]; *Bartolini* v. *Andrioli*, 123 Cal. App. 350, 352 [11 Pac. (2d) 66]; *Merralls* v. *Southern Pacific Co.*, 182 Cal. 19, 25 [186 Pac. 778]; *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 368 [184 Pac. 672, 12 A. L. R. 1007].) However, admitting

that the remarks of respondent's counsel were improper, and that upon objection thereto the court would have instructed the jury to disregard them, it cannot be said that they were so unwarranted as to constitute ground for reversal.

The motion for a new trial was properly denied.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1935.